## HAGEDON *v.* SEEBERGER, Collector.

*(Circuit Court, N. D. Illinois.* April 6, 1889.)

1. CUSTOMS DUTIES—WHAT SUBJECT TO.
 The classification of imported goods is to be determined by their chief use.
2. SAME—ACTION TO RECOVER—BURDEN OF PROOF.
 Plaintiff in an action to recover an alleged excess of duties has the burden of proving that the chief use of the goods is such as to bring them within the schedule under which he alleges they are dutiable.

At Law.

Action by W. H. Hagedon against A. F. Seeberger, collector, to recover an alleged excess of duties collected by defendant.

*Percy L. Shuman,* for plaintiff.

*Dist. Atty. Ewing* and *Asst. Dist. Atty. Harris,* for defendant.

BLODGETT, J., (*charging jury.*) This suit is brought to recover certain moneys paid by the plaintiff to the defendant as collector of customs of the port of Chicago, which the plaintiff claims were illegally assessed by the defendant as such collector upon goods imported by the plaintiff. The plaintiff entered these goods as "materials for making and ornamenting hats, bonnets, and hoods," and as such subject to a duty of 20 per cent. *ad valorem,* pursuant to clause 448 of Heyl's Compilation of the United States Revenue Laws, which I will read to you:

"Hats, etc., materials for; braids, plaits, flats, laces, trimmings, tissues, willow sheets and squares, used for making or ornamenting hats, bonnets,

and hoods, composed of straw, chip, grass, palm leaf, willow, hair, whalebone, or any other substance or material not especially enumerated or provided for in this act, 20 per centum *ad valorem.*"

You all know, in a general business way, what 20 per centum *ad valorem* means; it means 20 per centum computed upon the value of the goods as shown by the invoice, or fixed by the collector. The collector classed these goods as gimps, braids, galoons, ribbons, bead-work, etc., and assessed duties upon them at from 45 to 50 per centum *ad valorem,* according to the chief material of which they are composed; that is, those which were mainly silk he assessed as goods composed of silk, or of which silk was the component material of chief value, at 50 per centum *ad valorem;* those which were composed largely of metal wires in various forms, or metal tissue or tinsel, were assessed as manufactures of metal, or of which metal was the component material of chief value, at 45 per centum *ad valorem.* The plaintiff paid the duties so assessed under protest, and now brings this suit—as he is allowed to do by law—to recover the excess duties so, as he claims, illegally exacted from him; and the question raised is whether these goods should have been assessed for duty at 20 per cent. *ad valorem.* These goods in question form parts of several invoices, and samples of them are in evidence before you, each sample properly ticketed, so that you will be able to take up each class of goods and consider the evidence applicable to it in a methodical and systematic manner.

The sole question in the case is, are these goods materials for making and ornamenting hats, bonnets, and hoods, and as such liable only to a duty of 20 per cent. *ad valorem?* It is not at all a question whether the collector erred in assessing under some one or two other clauses of the law, but whether it was his duty under the law to have passed these goods as material for making and ornamenting hats, and assessed them at a duty of 20 per cent. *ad valorem?* The testimony on the part of the plaintiff tends to show that the goods in question are chiefly used as materials for making and ornamenting hats, bonnets, and hoods. Sample No. 239, which is the broad piece of ribbon which is in evidence here, the testimony of one witness only tends to show is millinery or hat material; the other witnesses, if I remember, both for the plaintiff and the defendant, all testify that it is what is known in the trade as a "sash ribbon." And sample No. 32 A, all the witnesses concur, is a bonnet trimming, or used exclusively for that purpose, it being composed of straw and metal wire or metal tinsel; while on the part of the defendant the proof tends to show that the goods represented by these other samples are not used chiefly for hat, bonnet, and hood materials or ornaments, but that they are much more largely used for trimming and ornamenting ladies' dresses, cloaks, jackets, etc.; that is, that the predominating or chief use to which they are put is not in the making and ornamenting of hats, etc., but that they have other uses to such a controlling extent as to take them out of the hat material clause. It is your province to weigh this evidence, and say whether the proof satisfies you that all or any part of the goods represented by the samples are goods,

the chief and predominating use of which is in the making and ornamenting of hats, bonnets, and hoods. Your own experience and common knowledge will teach you that there is hardly any article, however specific and exclusive may be the use for which it was designed and made, but what may, under emergencies, or from caprice, be applied to another use or uses; but the question here is, what is the main, ordinary, natural use for which these goods were designed and intended. Are they all, or any of them, designed or intended so exclusively for hat, bonnet, and hood materials and ornaments that you can say from the proof that they were not equally adapted to and intended for dress material and trimmings, or for other uses than hat material and ornaments? If you find from the proof that the chief and predominating use of the goods in question, or any part of them, is for the making and ornamenting of hats, bonnets, or hoods, then it was the duty of the collector to have classed them under this clause 448, and assessed them only at 20 per cent. *ad valorem* duty, and your verdict should be for the plaintiff to the extent of your finding in that regard. While, if the proof satisfies you that the chief and predominating use was not for materials and ornaments for hats, bonnets, and hoods, but that they were also as generally used for trimming or ornamenting dresses, or, in fact, applied to any other use than for making or ornamenting hats, bonnets, or hoods, then you should find the issues for the defendant, as far as the proof justifies you.

Much of the controversy here is in regard to the ribbon goods represented by the samples numbered, I think, from 504 to 515. These goods, or most of them, as I remember the testimony, are largely, as the testimony tends to show, composed of silk, or silk is the material of chief value; and the testimony also tends to show that such ribbons have many other uses than for materials and ornaments for hats, bonnets, and hoods; and if the proof satisfies you that their chief use is not for hat material and trimmings, and also satisfies you that they are manufactures of silk, or that silk is the material of chief value, then you should find for the defendants as to those goods. While, on the contrary, if you find from the proof that their chief, and, as I may say, their popular and general, use, is as a hat material, then you should find for the plaintiff as to those goods. Bear in mind, gentlemen, that it is not the person who imports or sells these goods that determines their dutiable classification, but it is the chief use to which they are adapted and put, and while it may be true that goods sold from the stores of dealers in millinery goods, like this plaintiff, would be more generally used for making or ornamenting hats, bonnets, and hoods, yet the question under the proof in this case is whether these goods are not so generally sold and dealt in by merchants for other uses as to destroy the claim that they are such hat or bonnet material only as come within the provisions of clause 448.

The plaintiff in this case has the burden of proof. He is not entitled to recover unless he satisfies you by a preponderance of the evidence that the chief and predominating use of these goods is for hat material and

ornaments; and, if the proof fails to so satisfy you, your verdict should be for the defendant.    If, after considering the proof applicable to each sample, you find that any of these goods should have been passed by the collector as material for making and ornamenting hats, bonnets, and hoods, then you should find the issue for the plaintiff as to such goods; while, if you find that all or any of these goods ought not to have been so classed as material for making or ornamenting hats, bonnets, and hoods, then your verdict should be for the defendant to the extent of such finding. For example, if you find from the proof that the ribbons in question are not so exclusively used for making or ornamenting hats as to make that their main or predominating use, then you should find the issue for the defendant as to such goods.    If you find, under the evidence, that all the goods in question are hat trimmings, then your verdict should be for the plaintiff as to the whole case.    If you find that none of these goods are, from their chief and predominating use, hat materials, then your verdict should be for the defendant.    If you find that part of the goods only are hat materials, then your verdict should be for the plaintiff as to such as you so find, and as to the remainder it should be for the defendant.