### BAUMGARTEN *v.* MAGONE.

(*Circuit Court, S. D. New York.* December 19, 1890.)

**1. CUSTOMS DUTIES—CLASSIFICATION—MARBLE BLOCKS.**
Small blocks of marble, about half an inch square, used for mosaics, mural decorations, and pavements in vestibules, are dutiable under the tariff act of 1883, either as "marble in block," or as "manufactures of marble," to the exclusion of the general clause, "all other manufactures not before enumerated."

**2. SAME—TRADE SIGNIFICATION.**
It is a question for the jury whether the words "marble in block" have a special trade meaning, limiting them to large, roughly-hewed blocks as they come from the quarry, so as to exclude marble blocks about half an inch square, used in mosaics.

**3. SAME—WHAT CONSTITUTE "MANUFACTURES."**
The mere fact of the application of labor to an article, either by hand or by mechanism, does not make it necessarily a "manufactured article," within the meaning of the tariff laws, unless the labor has been carried to such an extent that the article suffers a species of transformation, and is changed into a new and different article, having a distinctive name, character, or use. *U. S.* v. *Semmer,* 41 Fed. Rep. 324, followed.

**At Law.** Action to recover duties paid.

*Chas. Curie,* for plaintiff.
*Edward Mitchell,* U. S. Atty.

COXE, District Judge, (*charging jury.*) As I stated in your presence, I have considerable doubts upon the facts in this case whether or not there is a question of fact to be submitted to you. There being a doubt, however, I think it safer to send the case to you, as any mistakes that are made upon the law can be taken care of hereafter. The plaintiffs imported into this country small pieces of marble, specimens of which have been shown you; concededly, upon this proof they are used for mosaics, mural decorations, panels, and sometimes for pavements in vestibules and upon floors. The collector looked through the tariff act of 1883 and assessed duty upon them as "manufactures of marble." The plaintiffs protested, insisting that they were covered by a prior clause in the act as, "marble in block." Another clause was referred to in their protest, which does not come before you, however, for the reason that it seems to me, so far as this controversy is concerned, that the character of these importations must be decided under the two sections to which your attention has been called. In other words, if the importations are not "marble in block" then the clause "manufactures of marble" covers them, rather than the general clause relating to "all manufactures." If they are "manufactures" at all, the clause "manufactures of marble" is clearly a more specific definition than the general clause which relates to "all other manufactures not before enumerated." So the question for you to determine is whether the specimen (and they are concededly upon this proof all alike) which has been shown you—a small piece of marble about half an inch square—is, or is not a "block of marble" or "marble in block." The burden is upon the plaintiffs to satisfy you, by a fair preponderance of proof, that it is. If you say that it is not covered by the language "marble in block," your verdict must be for the defendant. In other words, it is not important upon this controversy, to decide whether or not the collector is right, if you find that the plaintiffs are wrong in selecting this statute as covering their importations, your verdict must be against them.

There are two questions I think which should be presented to you: *First,* whether or not the term "marble in block" had any special trade signification at the time the act of 1883 was passed. If it had, then it may be assumed that congress used the term as it was known by commercial men at the time. As I have, I think, said in your presence, such a term, to have such a signification, must be so general that it may be presumed that congress took notice of it; it must be a term understood by importers and large dealers in the country generally, and not in specific, isolated instances. One witness has been called upon that subject, and he has testified that as known in trade and commerce "marble in block" related to marble as the blocks came from the quarry, which were squared and "scabbled off;" and he thought that a marble block which was less than 10 inches square would not be a merchantable article, and would not be covered by the term "marble in block." It is

true that but one witness has been sworn upon this subject, and he has not been contradicted; but in view of all the facts and circumstances of the case I deem it proper to send the question to you to say whether or not upon this proof the term "marble in block," or "marble blocks," had a trade signification within the definition which I have given you. If you say that it had, and that the term "marble in block" as used in this section of the statute meant a block of marble greater than 10 inches square, of course it excludes the importations of the plaintiff; and your verdict will be for the defendant. There is no pretense that, if that is the meaning of that section of the statute, these small cubes of marble would come within the definition of congress. If, however, you say that there was no such signification as that, then the question arises, whether or not the importations are "marble in block" or "manufactures of marble."

As to what constitutes a "manufacture" I will follow the language of the supreme court in the case referred to by counsel, (*Hartranft* v. *Wiegmann*, 121 U. S. 609, 7 Sup. Ct. Rep. 1240,) but as adapted to a case which was tried in the circuit court for this district, (*U. S.* v. *Semmer*, 41 Fed. Rep. 324;) and I will say to you, "that the mere fact of the application of labor to an article, either by hand or by mechanism, does not make the article necessarily a manufactured article, within the meaning of that term as used in the tariff laws, unless the application of such labor is carried to such an extent that the article suffers a species of transformation, and is changed into a new and different article, having a distinctive name, character, or use." There is no dispute as to the manner in which these small cubes of marble are made,—sometimes by hand, and sometimes by machinery,—and there is no dispute as to the uses to which they are put.

So, gentlemen, you will bear in mind that the questions you are to determine are first, had the term "marble in block" a trade meaning? If you say that it had, and that the meaning was properly defined by the witness who testified upon that subject, your verdict will be for the defendant. If you say that it had not, then the question arises, whether or not the importations were covered by the term "marble in block," or by the term "manufactures of marble;" and, taking in view the law which I have given you as to what constitutes a "manufacture" you will answer that question. If you say that the importations are "marble in block" and covered by that phrase, your verdict will be for the plaintiffs in the sum of $3.99. If you say that the importations are not covered by that term, your verdict will be for the defendant.