### MYERS et al. v. UNITED STATES.

(Circuit Court, N. D. New York. September 17, 1901.)

1. Customs Duties—Findings of Board of General Appraisers—Weight on Appeal.

A finding of fact made by the board of general appraisers, while not conclusive upon the court on appeal, is entitled to the same weight as the finding of a master in equity, and unless wholly unsupported, or clearly contrary to the weight of evidence, should be sustained.

2. Same—Classification—Mica.

Mica in small sheets or pieces, which fall off in the process of thumb-trimming, varying in width from one to two inches and in length from two to three and a half inches, is dutiable under paragraph 184 of the tariff act of 1897 (30 Stat. 166) as "mica unmanufactured," and not under paragraph 463 as "waste, not specially provided for."

Appeal by the importers from a decision of the board of United States general appraisers, which sustained the assessment of duty by the collector of customs at Rouse's Point, N. Y., upon the importation in question.

Charles S. Hamlin, for appellants.
Taylor L. Arms, Asst. U. S. Atty.

COXE, District Judge. The majority of the board found that the merchandise in question is unmanufactured mica, consisting of small sheets or pieces which fall off in the process of thumb-trimming, varying in width from one to two inches and in length from two to three and a half inches. Duty was assessed by the collector under paragraph 184 of the tariff act of 1897 (30 Stat. 166), as "mica, unmanufactured." The importers, by their protest, insist that the merchandise in question should have been assessed as "waste, not specially provided for in this act," under paragraph 463 of the same act. The board overruled the protest, General Appraiser Somerville dissenting, and the importers appealed.

The question before the board was whether the merchandise was "waste, not specially provided for." The burden was upon the importers to establish the affirmative of this proposition and unless they succeeded in doing so it was the duty of the board to affirm the decision of the collector. Davies v. Arthur, 96 U. S. 148, 24 L. Ed. 758; Baumgarten v. Magone (C. C.) 50 Fed. 69; In re Sherman (C. C.) 49 Fed. 224, affirmed 5 C. C. A. 101, 55 Fed. 276; In re Gerdau (C. C.) 54 Fed. 143; Hagedon v. Seeberger (C. C.) 38 Fed. 401. The board having found specifically that the imported merchandise is not waste, this court, though not absolutely concluded by the finding, is bound to give it the same credence that is accorded to a master's report in an equity cause. "The circuit court should not undertake to disturb the findings of the board upon doubtful questions of fact, and especially as to questions of fact which turn upon the intelligence and credibility of witnesses who have been produced before the board." In re Van Blankensteyn, 5 C. C. A. 579, 56 Fed. 474. So that the question is not an original one in this court, to be determined upon a mere preponderance of testimony. Unless the finding of the board is wholly without evidence or is clearly contrary to the weight of evidence it should be sustained by this court. Tested by the rule it would seem to be the obvious duty of the court to affirm the decision of the board.

The elaborate discussion of the question found in the prevailing and dissenting opinions renders extended comment unnecessary. It is enough to say that the finding of the board that there is no commercial meaning of the term "mica waste," and that the imported merchandise cannot be considered "waste," as that term is ordinarily understood, is amply fortified by the testimony. Pieces of mica much smaller than some of those in the official exhibit are concededly used for washers in electrical insulation and for other manufacturing purposes. The merchandise does not lose its character as merchantable mica because it is of an inferior grade. The material called "waste" at the mica mines is refuse thrown out on the dumps, having little value and being incapable of use for any of the purposes for which mica is used. "Waste" as it is known at the mines is an entirely distinct product from the imported merchandise. The facts justified the board in holding that the merchandise in question is unmanufactured mica and not "waste," within the rule laid down by the following authorities: Patton v. U. S., 159 U. S. 500, 16 Sup.

Ct. 89, 40 L. Ed. 233; Seeberger v. Castro, 153 U. S. 32, 14 Sup. Ct. 766, 38 L. Ed. 624; U. S. v. Schroeder, 35 C. C. A. 376, 93 Fed. 448.

The contention that the law operates as a prohibition against the importation of mica in small pieces, and thus works an injustice, is one that should be addressed to congress and not to the courts.

Decision of the board is affirmed.