(C. D. 855)

THERMAL SYNDICATE, LTD. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 1, 1944)

*Jordan & Klingaman (Jacob L. Klingaman* and *Edward F. Jordan* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Charles J. Miville* and *Alfred A. Taylor, Jr.,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: In *Thermal Syndicate, Ltd.* v. *United States,* 7 Cust. Ct. 119, C. D. 550, this court held that fused silica in the form of broken pieces, manufactured by fusing silica sand in an electric furnace and breaking up the resultant product into small chunks, was entitled to entry free of duty under the provision in paragraph 1775 of the Tariff Act of 1930 for silica not specially provided for. The collector of customs had assessed the merchandise under the provision in paragraph 214 of the same act for articles of earthy or mineral substance. During the pendency of the protests covered by said *Thermal Syndicate* case another group of protests by the same importer, represented by the same attorneys, likewise covering fused silica, was accumulating and when those protests were called for hearing on

May 17, 1939, the importer's attorney asked that they be suspended awaiting the decision that was subsequently handed down as C. D. 550, *supra*, explaining that while the merchandise in the two groups of protests was not identical, a decision adverse to the contention set up by the importer in the cases covered by said C. D. 550 would result in the abandonment of the protests now before us. The advisability of this somewhat detailed recital will be made apparent later on in this opinion. The request for suspension was granted.

Several months after the *Thermal Syndicate* case, *supra*, was decided the cases now before us were called for hearing and were submitted on a stipulation signed by an attorney for the Government and the importer's attorneys, agreeing that the merchandise covered by the instant protests "is the same in all material respects as that the subject of *Thermal Syndicate, Ltd.* v. *United States*, C. D. 550, except that it is in the form of scrap obtained in the manufacture of fused silica articles * * *." The assessment of duty in the instant cases was made under the provision in paragraph 1555 of the Tariff Act of 1930 for waste and it is contended by the importer, as was the case in the decided cases, that it is entitled to free entry as silica, not specially provided for, under paragraph 1775 of the same act. In the stipulation the parties litigant also agreed that the record in said C. D. 550 be incorporated in the record herein. No oral testimony was introduced.

Although the parties joined in the stipulation, they are not in agreement as to the meaning of the words therein to which they subscribed their signatures. The Government attorney in his brief states:

The stipulation upon which plaintiff relies to support its contention that the imported merchandise is entitled to free entry as silica, not specially provided for, provides merely that the character of the merchandise is the same in all material respects as the merchandise in the incorporated case. It is, however, silent upon the important question of whether or not the imported merchandise is adaptable to the same uses. Furthermore there is no proof in the record to indicate for what purposes the instant merchandise is in fact imported.

In view of the fact that the stipulation provides:

* * * that the witnesses Houstoun and Winship would, if called in the instant case, give the same testimony with respect to the merchandise here involved as they did concerning the merchandise involved in the said C. D. 550, except as to the differences in the form of the two products and in the manner in which each was obtained. * * *

and since the testimony of each of those witnesses specifically covered the various uses for which the article involved in said C. D. 550 was susceptible, we find the stipulation herein sufficiently broad to cover the question of use. It would seem that if counsel elect to take the easier way and dispose of their cases by stipulation instead of trying them in open court, they should make the provisions of a stipulation so

clear that no cause for disagreement as to the meaning thereof could arise, especially between the parties themselves.

. The real issue in this case is an old one and it has come before this and other courts, including the Supreme Court, many times, and a certain amount of difficulty is encountered in discerning and justifying the distinctions that are disclosed by an examination of the cases. However, there is one line of decisions peculiarly applicable to the situation which confronts us in the case at bar. The question in those cases was whether or not the clippings, droppings, offal, etc., resulting from the conversion of manufactured articles of a given material, should be relegated to the provision for waste. A salient feature of those decisions which hold that clippings or offal take the same tariff classification as the original material is that such clippings or offal are used, or at least are capable of use, for the same purpose as the original material. Is there any evidence here upon which to base the necessary finding?

We think there is a basis in the incorporated record for a finding that the fused silica pieces now before us are employed for the purposes for which the fused silica pieces involved in C. D. 550, *supra*, are employed. To prepare them for such use it is necessary only to grind them to the desired fineness, and we feel justified in taking notice that the pieces of silica in the instant case are as easy or even easier to grind than are the larger pieces passed on in C. D. 550.

This circumstance brings the present controversy into the category of cases that held the clippings, offal, or broken pieces resulting from manufacturing processes bestowed on a raw material (using that term in a strictly relative sense) classifiable for duty purposes under the same provision of law as the original material. We shall review those cases briefly.

In *Latimer* v. *United States*, 223 U. S. 501, 56 L. ed. 526, small pieces broken from tobacco leaves in the process of manufacturing and handling tobacco, which were used in the making of "cigarettes and stogies," were held classifiable as tobacco unmanufactured rather than as waste.

*Myers* v. *United States*, 110 F. 940, affirmed T. D. 22691, G. A. 4832, held that small pieces of mica that fell off in the process of thumbtrimming mica were dutiable as mica and not as waste.

*Fawcett* v. *United States*, 154 F. 1003, affirmed the Circuit Court and the Board of General Appraisers (now the United States Customs Court) in holding that pieces of combed silk that fell from the machines in the process of further manufacture were silk partly manufactured and not silk waste.

In *Salomon* v. *United States*, 2 Ct. Cust. Appls. 431, T. D. 32196, broken fibers of undressed raw jute rejected by the carding machine

in the first process of manufacture were held to be jute unmanufactured rather than waste.

In *Mawer-Gulden-Annis* v. *United States*, 17 C. C. P. A. 270, T. D. 43689, broken olives in brine, broken and split in the pitting and stuffing processes, were declared to be dutiable as olives in brine and not as waste, distinguishing the case of *Willits* v. *United States*, 11 Ct. Cust. Appls. 499, T. D. 39657.

In T. D. 23246, G. A. 4980, platinum scraps chipped from platinum wire and sheets were held free of duty as platinum unmanufactured, rather than dutiable as waste.

See also the recent case of *Eastman Kodak Co.* v. *United States*, C. D. 836, in which this court held in effect, that light-struck punchings, which were small pieces of films approximately ⅛ of an inch in diameter punched from a reel of films, fell within the description of photographic films light-struck, as found in paragraph 1615 (a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, rather than under paragraph 1555 of the same act as waste.

Following those decisions we hold that the silica pieces here in suit are entitled to entry free of duty under the provision for silica not specially provided for in paragraph 1775, *supra*, and that claim in the protests is sustained.

Judgment will be rendered accordingly.