In re VAN BLANKENSTEYN et al.

(Circuit Court of Appeals, Second Circuit. December 12, 1892.)

1. CUSTOMS DUTIES—CLASSIFICATION—"BOLTING CLOTH."

Bolting cloth, which is to be used for decorative purposes, and for that reason is manufactured in narrower widths than that generally required

for milling purposes, (48 inches,) was free of duty, under the tariff act of March 3, 1883, as "bolting cloth," notwithstanding the fact that this use and method of manufacture arose after the passage of that act; and it was error to assess a duty thereon of 50 per cent. ad valorem, under Schedule L, as a manufacture of silk, not specially provided for.

**2. SAME—REVIEW OF BOARD OF APPRAISERS' DECISION—RECORD—EVIDENCE.**

When the decision of the board of general appraisers is made the subject of review in the circuit court pursuant to section 15 of the customs administrative law, (Act June 10, 1890,) the return made by the board must embody all the evidence which was considered by them in reaching their decision, and it would seem that, as they act judicially, they cannot themselves act as witnesses.

**3. SAME—DECISION.**

In the circuit court the return of the board is to be considered substantially in the same manner as the report of a master in an equity suit is considered in that court, or as the record, including the opinion of the court, in an equity or admiralty suit, is considered in an appellate court. The circuit court therefore should not disturb the findings of the board upon doubtful questions of fact, especially questions which turn on the intelligence and credibility of witnesses; but when a finding of fact is wholly without evidence to support it, or when it is clearly contrary to the weight of evidence, it is the duty of the court to disregard it.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was a petition by Van Blankensteyn & Henning for a review of a decision of the board of general appraisers sustaining the action of the collector in assessing a duty of 50 per cent. ad valorem on certain bolting cloth imported by them. The circuit court reversed the decision of the board, (49 Fed. Rep. 220,) and the government appeals. Affirmed.

Henry C. Platt, Asst. U. S. Atty.

Everit Brown, for importers.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This case presents the question of the effect to be given by the circuit court to the finding of fact made by the board of general appraisers when the court is called upon, under section 15 of the law of congress of June 10, 1890, commonly known as the "Customs Administrative Act," to review a decision of the board. The respondents imported certain merchandise, upon which the collector of customs assessed duty under Schedule L of the act of March 3, 1883, which reads as follows: "All goods, wares, and merchandise not specially enumerated or provided for in this act, made of silk, or of which silk is the component material of chief value, 50 per centum ad valorem." The importers protested, claiming that the merchandise was "bolting cloths," and as such exempt from duty by the free list of that act. The board of general appraisers examined the case, and, after hearing witnesses, affirmed the decision of the collector. Thereupon the importers made application for a review to the circuit court of the questions of law and fact involved in the decision of the board. No new evidence was taken upon this application, and the case was

heard by the circuit court upon the return made by the board of appraisers, consisting of the record and the evidence taken by them, with their certified statement of the facts involved in the case, and their decision thereon. The board of appraisers certified in their statement of facts, among other things, as follows: "That the so-called 'bolting cloth' which was the subject of protest is not the 'bolting cloth' of commerce." The circuit court was of the opinion that the finding was not sustained by the evidence in the return, and reversed the decision of the board of appraisers.

An examination of the record shows that bolting cloths are a thin silk fabric, made very carefully, usually in widths of 48 inches, and designed and adapted primarily for use by millers, but they are capable of use also for decorative purposes in making tidies, scarfs, banners, and art novelties; that prior to March 3, 1883, they were not used for decorative purposes, but have been since that time to a limited extent; that since March 3, 1883, to meet the conveniences of the decorative use, they have been made in narrower widths, some of 18 and some of 24 inches; that the importations in controversy are the cloth in the narrower widths; that there is no evidence that cloths of these widths cannot be or are not used here as bolting cloths by millers; that ever since their introduction into this country, subsequently as well as prior to the tariff act of 1883, they have been bought and sold here exclusively by the name of "bolting cloths." The fact that at the date of the tariff act the goods had not been manufactured in the narrower widths is not controlling, nor is the fact that they are capable of use for other than milling purposes. The material and texture being the same, the fact that a reduction in width has been made by the manufacturers for the convenience of a particular class of users does not affect the dutiable character of the goods. They certainly would not cease to be bolting cloths if, when imported here in the full width, they should be cut by the retailer into narrower widths, to accommodate those who might desire to use them for decorative purposes. Unless the finding made by the board of appraisers should have been treated as controlling by the circuit court, the decision of the court was clearly right.

It is contended by the appellant that, inasmuch as the return does not state that it contains all the evidence or all the information upon which the board based their finding of fact, it is to be presumed in support of their decision that they had other and sufficient evidence before them to justify it; and it is argued for the appellant that it is competent for the board, in deciding questions of fact respecting the classification of goods for duty in a given case, to avail themselves of evidence which need not be returned, such as they may have taken in previous cases, and even of their own expert knowledge acquired from extraneous sources. We are not now called upon to decide whether in hearing a given case the board are at liberty to resort to evidence which has been taken in other cases, or to sources of information other than the evidence adduced directly in the case before them; but we are entirely clear

that, when their decision is made the subject of review by an application to the circuit court pursuant to section 15, the return must embody all the evidence which was considered by them in reaching the decision; and it would seem, as they act judicially, they cannot be witnesses themselves. By section 15 of the customs administrative act it is provided that upon an application to the circuit court for a review of the decision of the board of appraisers the court shall order the board of appraisers to "return to said circuit court the record and the evidence taken by them, together with a certified statement of the facts involved in the case, and their decision thereon." The section further provides that "all the evidence taken by and before said appraisers shall be competent evidence before said circuit court." These provisions are of no value, and have no meaning, unless they mean that the return is to supply the circuit court with all the evidence upon which the decision was based, and that when the evidence is returned the circuit court is to consider it, and give to it its proper weight. Obviously the evidence and the findings of fact are to be considered together by the circuit court. We conclude that the return is to be considered substantially as the report of a master in an equity cause would be considered by the circuit court, or as the record, including the opinion of the court, in an equity or admiralty cause in the district or circuit court would be considered by this court upon an appeal from the decree. The circuit court should not undertake to disturb the findings of the board upon doubtful questions of fact, and especially as to questions of fact which turn upon the intelligence and credibility of witnesses who have been produced before the board. But when a finding of fact is wholly without evidence to support it, or when it is clearly contrary to the weight of evidence, it is the duty of the circuit court to disregard it.

The judgment is affirmed.