In re WHITE et al.

(Circuit Court, S. D. New York. January 5, 1893.)

1. CUSTOMS DUTIES—APPEAL FROM GENERAL APPRAISERS—EVIDENCE.
   The decisions of the board of United States general appraisers on disputed evidence as to the facts will not be disturbed by the court.

2. SAME—CLASSIFICATION—BURLAPS.
   Paddings or canvas, from 18 to 24 inches in width, and used chiefly in the clothing trade, and for making small bags, and for similar purposes, are dutiable, under the act of October, 1890, as "burlaps," at 1⅝ cents per pound, under paragraph 364, and not as "manufactures of jute," at 40 per centum ad valorem, under paragraph 374 of said act.

3. SAME—CONSTRUCTION OF ACTS.
   The act of March 3, 1883, provided specially for a duty upon "paddings" and "canvas" (paragraph 334) different from "burlaps," (paragraph 338,) but the act of October 1, 1890, omitted any special mention of paddings or canvas in any paragraph. Held that, as jute paddings or canvas are a species of "burlaps," they are now dutiable, as such, under the latter act.

At Law. Appeal from decision of the United States general appraisers. Affirmed.

The imported merchandise in this suit consisted of jute goods woven, from 18 to 24 inches in width, commonly known in the trade as "paddings" or "canvas," which were classified by the collector as "manufactures of jute," dutiable at 40 per cent. ad valorem, under paragraph 374 of the tariff act of October 1, 1890. The importers duly protested, claiming said merchandise to

be properly dutiable as "burlaps," of jute, not exceeding 60 inches in width, at 1⅝ cents per pound, under paragraph 364 of said act. The board of United States general appraisers sustained the protest of the importers, that the goods in controversy were burlaps, and reversed the decision of the collector. The collector appealed from their decision to the United States circuit court, under the provisions of the act of June 10, 1890.

It was contended, on behalf of the collector, that the merchandise in suit was of that character and make which had always been known, prior to the passage of the act of October 1, 1890, in trade and commerce, as paddings or canvas, and was chiefly used in the clothing trade; that congress in the tariff act of March 3, 1883, had differentiated canvas and paddings from burlaps and placed a different rate of duty thereon, (quoting paragraphs 334 and 338 of the tariff act of March 3, 1883;) that prior tariff acts had also made the same distinction between the two articles; that the decisions of the treasury department had for many years made his distinction; that under the act of 1883 several cases had been tried in the United States circuit court wherein juries had found that paddings and canvas, under the act of 1883, were a different article from the burlaps of commerce; that congress, in the act of 1890, must be presumed to have legislated in view of the prior decisions of the department and the courts, and of the distinction always made in prior legislation; that as congress had seen fit in the act of October 1, 1890, to omit the paddings and canvas paragraph of the act of 1883, and had not provided specifically for a duty thereon, they intended such articles to fall under paragraph 374, and to be included within the terms "all manufactures of jute," and under the principles of construction laid down by the supreme court in the case of Robertson v. Rosenthal, 132 U. S. 460, 10 Sup. Ct. Rep. 120, paddings and canvas, such as those in suit, were not relegated to the burlap clause (paragraph 364) of the act of October 1, 1890.

It was contended, on behalf of the importers, that "burlaps" was a general name for a class of goods that were used by various trades, such as the upholstery bagging, oil cloth, clothing trades, etc., and that the different trades used different widths and makes of the same articles of "burlaps;" that in the clothing trade the narrow burlap was known as canvas or padding, and as congress had seen fit to omit any special mention of canvas or paddings, by name, in the act of October, 1890, the most specific description thereof to be found in that act was the term "burlaps" in paragraph 364, which more specifically described and designated the articles in suit than the more general term "manufactures of jute."

Edward Mitchell, U. S. Atty., and Henry C. Platt, Asst. U. S. Atty., for collector.

Stephen G. Clarke, for importers.

COXE, District Judge, (orally.) The only question in this cause is one of fact. It is conceded on all sides that the term "burlaps," (paragraph 364,) found in the act of 1890, is a more specific designation of the imported goods than the term, "manufactures of jute or other vegetable fibre, etc., not specially provided for in this act," (paragraph 374.) Are they burlaps? This question of fact was thoroughly tried out before the board of appraisers, and the board has reported that all of the articles in controversy are burlaps. Giving to their decision only the weight which would be given to the report of a master in chancery, it does not seem to me that this court, sitting in review, would be justified in reversing their finding upon this question of fact. They have advantages which an appellate tribunal cannot have. They see and hear witnesses and can better determine what weight should be given to their testimony. Witness after witness called by the importer testified that these articles were commercially known as "burlaps;" and, stating

the case as favorably for the appellant as the facts warrant, there was simply a dispute upon the evidence before the board. They having reached a conclusion, which I think was amply sustained by the proof, it seems to me that their decision should be undisturbed. The decision of the board is affirmed.