McLEOD et al. v. UNITED STATES.

(Circuit Court, S. D. New York. May 26, 1896.)

No. 2,273.

1. CUSTOMS DUTIES—CLASSIFICATION—MANUFACTURES OF FLAX.

Manufactures of jute, having the single warp and single weft characteristic of burlaps, and which are known as black burlaps, black paddings,

Hessians, parcelines, etc., are dutiable, under paragraph 277 of the act of 1894, as manufactures of flax not otherwise provided for, and are not free as "burlaps," under paragraph 424½.

2. SAME—STAGES OF MANUFACTURE.

Where an article has been so advanced by separate processes as to be adapted for a special purpose different from the original purpose, and to be sold to a different class of persons, and to be known under special commercial designations, it is no longer included under the original commercial designation.

This was a petition by D. W. McLeod & Co. for a review of the decision of the board of general appraisers in respect to the classification for duty of certain merchandise imported by them.

Stephen G. Clarke, for importers.

Henry D. Sedgwick, Jr., Asst. U. S. Atty.

TOWNSEND, District Judge. The articles in question are manufactures of jute, with the single warp and single weft characteristic of burlaps. They have, however, been subjected, since becoming burlaps, to special processes of calendering, sizing, and dyeing black. The board of general appraisers found that they were manufactures of flax not otherwise provided for, and assessed them for duty under paragraph 277 of the act of 1894. The importers claim that they are free under paragraph 424½ of the free list in said act. The term "burlap" is a commercial term. Lamb v. Robertson, 38 Fed. 716. The chief question in this case is whether the importer has shown that these goods are commercially known as burlaps. From the mass of testimony taken in the circuit court it appears that these articles are variously known as black burlaps, black paddings, Hessians, parcelines, pelissiers, stiffene, canvas, buckram, etc. The contention of the importer is that all of the goods are included under the class burlaps, and that these names are mere subordinate terms. I think, however, that the importer has failed to prove this contention. It appears that these different names are not applied to different classes of goods, but by different trades to the same black burlaps; that they were recognized in former acts as paddings, or canvas, distinct from burlaps, and they are still generally known as paddings or canvas. It is unnecessary to discuss the various prior decisions of the board of general appraisers and of the circuit court. It appears that on a former hearing the board found that these black paddings were not burlaps, and that the importers acquiesced therein. I think the importer has failed to sustain the burden of showing a uniform commercial usage which would include these goods under the commercial designation of "burlaps." They would seem to fall within the rule that, where an article has been so advanced by separate processes as to be adapted to be used for a special purpose different from the original purpose, and to be sold to a different class of persons, and to be known under special commercial designations, it is no longer included under the original commercial designation. The decision of the board of general appraisers is affirmed.