## DOUGLASS & BERRY v. UNITED STATES.

(Circuit Court, S. D. New York. April 19, 1901.)

### No. 2,852.

**1. CUSTOMS DUTIES—CLASSIFICATION—COTTON TABLE DAMASK.**

The term "cotton table damask," in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 321, 30 Stat. 179 (U. S. Comp. St. 1901, p. 1661), is the trade-name for cotton damask in the piece, or cotton damask cloth, and does not include completed articles made out of such material, and advanced by manufacture beyond the condition of mere cloth.

**2. SAME—DAMASK ARTICLES.**

Cotton damask doilies, napkins, and table covers or cloths, in a completed condition, ready for use, are dutiable under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 322, 30 Stat. 179 (U. S. Comp. St. 1901, p. 1661), as "manufactures of cotton not specially provided for," and not under paragraph 321 of said act (page 1661), as "cotton table damask."

Appeal by Douglass & Berry, importers, from a decision of the board of general appraisers, which affirmed the decision of the collector of customs at the port of New York in the assessment of duty on the importation in question.

The decision of the board (In re Douglass, G. A. 4312) is as follows (Somerville, General Appraiser):

The goods consist of damask table covers or cloths and cotton damask doilies, sometimes called "turkey doilies." The articles are in completed forms, ready for use as table coverings or as table doilies in each case. They were assessed for duty at 45 per cent. ad valorem, under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 322, 30 Stat. 179 (U. S. Comp. St. 1901, p. 1661), as "manufactures of cotton not specially provided for" in said act, and are claimed to be dutiable at 40 per cent. ad valorem, as "cotton table damask," under paragraph 321 of said act (page 1661), which specially provides for such merchandise, and reads as follows:

"321. Cotton table damask, forty per centum ad valorem; cotton duck, thirty-five per centum ad valorem."

We find from the testimony that the term "cotton table damask" is the trade-name to cotton damask in the piece, or cotton damask cloth, from which table covers and doilies are made, and it does not include completed articles made out of such material, and advanced by manufacture beyond the condition of mere cloth.

123 F.—63

The corresponding provisions in previous tariff acts are as follows:

Act March 3, 1883, c. 121, § 1, Schedule I, 22 Stat. 506: "325. Cotton laces, embroideries, insertings, trimmings, lace window curtains, cotton damask, hemmed handkerchiefs, and cotton velvet, forty per centum ad valorem."

Act Oct. 1, 1890, c. 1244, § 1, Schedule I, 26 Stat. 593: "355. Cotton damask, in the piece or otherwise, and all manufactures of cotton not specially provided for in this act, forty per centum ad valorem."

Act Aug. 27, 1894, c. 349, § 1, Schedule I, 28 Stat. 529: "264. All manufactures of cotton, including cotton duck and cotton damask, in the piece or otherwise, not specially provided for in this act, and including cloth having india rubber as a component material, thirty-five per centum ad valorem."

The phrase used in the tariff act of 1883—"cotton damask"—was construed by the Treasury Department to include only piece goods, and not cotton damask table covers, or doilies of the kind under consideration, and such completed articles made out of cotton damask cloth were held to be dutiable as manufactures of cotton not specially provided for, and not as cotton damask. T. D. 8600, Dec. 30, 1887; T. D. 8698, Feb. 28, 1888. These decisions probably suggested the insertion in the cotton schedules of the tariff acts of 1890 and 1894 of the words "cotton damask in the piece or otherwise," where such merchandise was associated with and classified as manufactures of cotton not specially provided for in said acts. Customs practice in the classification of these goods has been in accordance with these decisions for the past ten years or more. The word "table" was, no doubt, inserted before the word "damask" in the tariff act of July 24, 1897, c. 11, § 1, Schedule I, par. 321, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661], so as to distinguish this particular kind of damask from "furniture damask," and other kinds of damascened cotton goods. In re Bartram, G. A. 1619. We hold, accordingly, that the articles in question, though made of cotton damask, are not dutiable, as claimed, under said paragraph 321.

The protest is overruled, and the collector's decision affirmed.

S. G. Clarke, for importers.

Charles D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question consists of cotton table covers, doilies, and napkins, on which duty was assessed by the collector under the provisions of the tariff act of July 24, 1897, c. 11, § 1, Schedule I, par. 322, 26 Stat. 179 (U. S. Comp. St. 1901, p. 1661), for "manufactures of cotton not specially provided for," and is claimed by the importers to be dutiable under the provision of paragraph 321 of the same act, for "cotton table damask, forty per centum ad valorem."

On the authority of United States v. Van Blankensteyn, 5 C. C. A. 579, 56 Fed. 474, 11 U. S. App. 687, and In re White (C. C.) 53 Fed. 787, the decision of the board of general appraisers is affirmed.