### TIFFANY v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 6, 1901.)

#### No. 26.

CUSTOMS DUTIES—CLASSIFICATION—DRILLED PEARLS.

 Loose pearls, unassorted, and of various sizes, colors, and quality, drilled, but not set or strung, are not within the terms of paragraph 434 of the tariff act of 1897, covering "jewelry * * * including * * * pearls set or strung," nor of paragraph 436, covering "pearls in their natural state, not strung or set," but, by virtue of the similitude provision of section 7, they are dutiable under the latter paragraph.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a judgment affirming a decision of the board of general appraisers and of the collector of the port. See 103 Fed. 619; 105 Fed. 766.

W. B. Coughtry, for appellant.

Henry C. Platt, for the United States.

Before WALLACE and LACOMBE, Circuit Judges, and TOWN-SEND, District Judge.

LACOMBE, Circuit Judge. The goods imported were loose, perforated pearls, not set or strung, upon which the collector imposed a duty of 20 per centum ad valorem, under section 6 of the tariff act of 1897 (30 Stat. 205), as "articles manufactured in whole or in part, not provided for in this act." The act contains these paragraphs:

"Jewelry and Precious Stones.

"(434) Articles commonly known as jewelry, and parts thereof, finished or unfinished, not specially provided for in this act, including precious stones set, pearls set or strung, and cameos in frames, sixty per centum ad valorem.

"(435) Diamonds and other precious stones, advanced in condition or value," etc.

"(436) Pearls in their natural state, not strung or set, ten per centum ad valorem."

The goods in suit were not "jewelry," but were loose pearls, of various sizes, qualities, colors, and shapes, not set or strung, and not matched or selected with a view to be then set or strung, and not adapted for such purpose in their then condition, but to be put into the general stock of pearls of the importer, for such general use of pearls as the demands of the importer's trade should thereafter require. Inasmuch as they were perforated, they are not "pearls in their natural state." It is therefore manifest that they are not covered by either paragraph. Before they can be included in the general clause of "manufactured articles not otherwise provided for," it must first be found that they do not fall within the similitude section (section 7). This section imposes the same duty as is laid on an enumerated article upon an article similar to it in "material, quality, texture or the uses to which it may be applied." The importer contends that the articles imported are similar to pearls in their natural state. The circuit court decided that they were more similar to pearls set or strung. The cost of perforation is a mere trifle, compared with the value of the pearl, and that operation reduces the value of the pearl. The circuit court held that:

"The burden is upon the importer to prove that his contention is correct, and if he fails in sustaining this burden the action of the collector stands, even though it appear that the collector also has selected the wrong paragraph. In other words, in order to succeed, the importer must show by a preponderance of proof that his importations bear a greater similitude to pearls in their natural state than to any other article enumerated in the act. The only difference between a drilled pearl and a pearl in its natural state is that the former has a hole in it, but there is no difference whatever between a drilled pearl and a strung pearl. The two are identical. No difference in the quality, texture, or use to which the two pearls are applied can be predicated of the fact that one has a cord through the hole, and the other has not. Place drilled pearls on a cord, and they become strung pearls. Take strung pearls off the cord, and they become drilled pearls."

We think the court erred in taking as the standard of comparison for these pearls, which are not matched or selected, and are therefore to be considered individually, those aggregations of individual pearls which have been strung into an article of jewelry. The

evidence shows that there has to be a careful process of assortment and selection as to size, quality, luster, shape, etc., which takes time and skilled labor, so that the string of pearls thus produced is worth more than the aggregate values of the individual pearls composing it. There is no difference between a single drilled pearl and a single strung pearl, but between a drilled pearl or any number of unmatched drilled pearls and the strung pearls of paragraph 434, which are commonly known as "jewelry," we think there is a greater difference than between the drilled pearl and the pearl in its natural state. There is a still greater difference between the drilled pearl and "pearls set," since the latter phrase imports a combination with something else. We are therefore of the opinion that the pearls in question are by similitude dutiable at the same rate as pearls in their natural state.

The decision of the circuit court is reversed.