NERESHEIMER v. UNITED STATES.

(Circuit Court, S. D. New York. December 29, 1903.)

No. 3,328.

1. CUSTOMS DUTIES—CLASSIFICATION—DRILLED PEARLS—SIMILITUDE.

Drilled pearls were imported, which, by a careful process of selection, matching, and assortment, requiring time and skilled labor, had been put in a condition in which they were collectively worth more than the aggregate value of the individual pearls. *Held*, that in this state they bore a closer resemblance to pearls strung than to pearls in their natural state, and that under the requirement of section 7, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], that any article not enumerated in the act "shall pay the same rate of duty which is levied on the enumerated article which it most resembles," they are dutiable at the same rate as the "pearls * * * strung" enumerated in paragraph 434 of said act, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], and not as "pearls in their natural state, not strung or set," under paragraph 436, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], nor as "articles manufactured, in whole or in part, not provided for," under section 6 of said act, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

2. SAME—FINDING OF GENERAL APPRAISERS.

Findings of fact by the Board of General Appraisers will only be reviewed when the court is satisfied that such findings are unsupported by the evidence, or clearly against the weight of evidence, or where new evidence has been introduced which was not before the board.

3. SAME—RELIQUIDATION AT INCREASED RATE OF DUTY—RIGHT OF COLLECTOR OF CUSTOMS.

Certain merchandise was imported, assessed for duty, passed into the possession of the owners, and was sold, and protests against the assessment were made by the importers. Subsequently, but within one year after the original liquidation of the entry, and while the protests were still pending before the Board of General Appraisers, the collector of customs reliquidated the entry, and collected duty at an increased rate. *Held*, that this action of the collector was lawful, under the provision in section 21, Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986], that the "settlement of duties shall, after the expiration of one year from the time of entry, * * * be final and conclusive upon all parties."

On Application for Review of a Decision of the Board of General Appraisers.

The decision under review (G. A. 5,146, T. D. 23,748) affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Neresheimer & Co.

W. Wickham Smith, for importers.

Henry C. Platt, Asst. U. S. Atty.

HAZEL, District Judge. The merchandise consists of two importations of drilled pearls—the first entered on March 28, 1901, comprising 39 pearls; another, of 45 pearls, on November 30, 1901—aggregating in value, according to invoices, to $123,804. Each importation was classified and assessed by the collector of customs for duty at the rate of 20 per cent. ad valorem, pursuant to section 6, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], which provides for that rate upon "articles manufactured, in whole or in part, not provided for" in said act. The importers pro-

131 F.—62

tested, claiming the pearls to be dutiable by similitude at 10 per cent. ad valorem under paragraph 436 of said act, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], reading as follows : "Pearls in their natural state, not strung or set," or, in the alternative, under paragraph 435, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], providing for a duty of 10 per cent. ad valorem upon "diamonds and other precious stones advanced in condition, * * * and not set." On March 3, 1902—within one year from the entry on the first importation, and three months after entry on the second importation, and before the protests of the importers were acted upon by the Board of General Appraisers—the local appraiser amended his return on the invoices by declaring the pearls to have been in a completed condition, ready to be strung; and he accordingly reliquidated and assessed a duty upon them at 60 per cent., in accordance with paragraph 434, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], which includes "pearls set or strung." The pearls were surrendered to the importers and sold by them at the time of the original entry.

The Board of General Appraisers found the following specific facts :

"(1) That the pearls the subject of each of these protests are drilled, and have, by a careful process of selecting, matching, and assortment as to size, quality, luster, shape, etc., which required time and skilled labor, been so assorted that the collection of pearls thus produced is worth more than the aggregate values of the individual pearls composing it.

"(2) That in the condition imported they bore a closer similitude to pearls strung than to pearls in their natural state.

"(3) That the pearls the subject of these protests are identical in material with both 'pearls strung,' as provided for in paragraph 434, and 'pearls in their natural state,' as provided for in paragraph 436 of said act."

The opinion of the board stated that in arriving at a conclusion here they have been guided by the Circuit Court of Appeals decision in the case of Tiffany v. United States, 112 Fed. 672, 50 C. C. A. 419. By that decision it was decided that loose pearls, unassorted, and of various sizes, colors, and quality, drilled, but not set or strung, are not covered by the provisions of paragraph 434, and accordingly are dutiable as pearls in their natural state. The government contends that the proofs show that the pearls are more similar to pearls strung than to those in their natural state, thus differentiating the facts from those of the Tiffany Case, but adopting the principle of that decision in the case at bar. The evidence as to whether the pearls were in a completed state, namely, whether by a skillful process of selection, matching, and assortment as to size, quality, luster, and shape, they possess a value in excess of the aggregate value of the individual pearls composing the collection, is in dispute. The testimony of Mr. Townsend, one of the importers, tends to show that the pearls received in bond were sent to him as loose pearls. He testified that he sold them as loose pearls, and that they could not be used as jewelry in that condition. Mr. Black, witness for the importers, after testifying that he bought the pearls in question from the importers, said they were not in a completed condition; that it was necessary to rebore and polish some of them. Mr. Reich, witness for the importers, testified that it was necessary, in order to

string the pearls in question, to rim out or straighten the hole in each pearl. The record discloses that witnesses for the government testified that the imported articles apparently were strung, assorted, matched, and sized, as to color and quality. Assuming such evidence to be credible and trustworthy, the Board of General Appraisers were justified in their conclusion that the pearls were laboriously selected, matched in size and color, shape, luster, and quality, and therefore collectively worth more than the aggregate value of the individual pearls. The importers argue upon the facts that the evidence adduced by the government is susceptible of the finding that the pearls were not of uniform color and quality; that they were not fit for a pearl necklace; and therefore the board fell into an error, which should be corrected on this appeal. The facts as found by the board seem to be supported by the evidence, and therefore ought not to be disturbed by this court. Well-considered cases hold that a finding of facts by the Board of General Appraisers will alone be reviewed when the court is satisfied that such findings are unsupported by the evidence, or clearly against the weight of evidence, or where new evidence is before the Circuit Court which was not considered by the board. Apgar v. U. S., 78 Fed. 332, 24 C. C. A. 113; U. S. v. Van Blankensteyn, 56 Fed. 474, 5 C. C. A. 579; In re White (C. C.) 53 Fed. 787.

The decisions also hold the burden to be upon the importer to overthrow the presumption of correctness of the collector's decision. Pickhardt v. U. S., 67 Fed. 111, 14 C. C. A. 341, 35 U. S. App. 72. The importers, however, insist that the tariff laws contemplate that the examiners or other government officials charged with the duty of originally determining the character of the imported articles shall make their report upon which the duty is assessed at the time the merchandise is actually inspected. This contention, while challenging the credibility and weight of the testimony for the government, has not sufficient force to justify disturbing the decision of the board upon the general question of fact.

At the argument the point was made that the collector exceeded his power in reliquidating the duties. Such power is given by section 21 of Act June 22, 1874, c. 391, 18 Stat. 190 [U. S. Comp. St. 1901, p. 1986]. The cases construing the power of the collector under that provision of the statute hold that the collector may liquidate the duties at any time after entry, but, once liquidated, he may not reliquidate in the absence of fraud, or protest by the owner, after a year from the date of entry. Gandolfi v. U. S., 74 Fed. 549, 20 C. C. A. 652; Abner Doble Company v. U. S., 119 Fed. 152, 56 C. C. A. 40. It is clear, therefore, that the original assessment of duties in this case was not final and conclusive, even though said pearls were delivered to the owner. It was entirely within the power of the collector to reliquidate the duties before the expiration of the year from the time of the entry, even though such goods had been delivered to the owner. U. S. v. Comarota (D. C.) 2 Fed. 145; U. S. v. Campbell (D. C.) 10 Fed. 816; U. S. v. Phelps, 17 Blatchf. 312, Fed. Cas. No. 16,039. See, also, U. S. v. De Rivera (C. C.) 73 Fed. 679.

In view of the sale of the pearls at the time of the original liquida-

tion, and the probabilities that the selling price largely depended upon the rate of duty exacted by the government, it is manifest that the importers should in some manner be relieved, if possible, from the burden of additional taxation. I am unable to point out how it may be brought about. The court, as already remarked, is precluded from disturbing the finding of facts, unless the conclusion upon the facts is clearly against the weight of evidence. I am also of opinion that the evidence, as found and considered by the board, brings this case precisely within the principle announced in the Tiffany Case, hitherto cited.

For these reasons the decision of the Board of General Appraisers is sustained.