HAHN v. UNITED STATES (two cases).

(Circuit Court, S. D. New York. December 29, 1903.)

Nos. 2,781, 3,324.

**1. Customs Duties—Classification—Pearls—Precious Stones.**
   Pearls are within the provisions in paragraphs 434, 435, Tariff Act July 24, 1897, c. 11, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676].

**2. Same—Half Pearls—Similitude.**
   Under section 7, Tariff Act July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], providing that any unenumerated article "shall pay the same rate of duty which is levied on the enumerated article which it most resembles," *held* that so-called "half pearls," consisting of the better part of the true pearl, from which the flaws or blemishes have been removed by sawing or splitting, and which are not adapted for stringing, but are chiefly useful for jewelry settings, and require labor and expense in completion, are dutiable at the same rate as "pearls in their natural state," under paragraph 436 of said Act July 24, 1897, c. 11, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], which they resemble more than the "pearls, set or strung," enumerated in paragraph 434 of said act, c. 11, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676].

**3. Same—Construction—Commercial Designation.**
   The designation of an article in a tariff provision by a term having a commercial signification is not controlling in the classification of the article where a different intent is inferable from the context.

Applications for Review of Decisions of the Board of General Appraisers.

These proceedings relate to two decisions of the Board of General Appraisers (G. A. 4,163, T. D. 19,449, and G. A. 5,148. T. D. 23,750), affirming the assessment of duty by the collector of customs at the port of New York on importations by Rudolph C. Hahn.

Albert Comstock, for importer.
Charles D. Baker, Asst. U. S. Atty.·

¶ 3. See Customs Duties, vol. 15, Cent. Dig. § 14.

HAZEL, District Judge. The articles were invoiced and entered as half pearls. They were also commercially known as split pearls or sawed pearls, and concededly were neither set, strung, nor in their natural state. The importations were assessed by the collector at 20 per cent. ad valorem, and were classified pursuant to section 6 of the tariff act of July 24, 1897, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693], as nonenumerated "articles manufactured in whole or in part." The importers paid the duty under protest, claiming that the merchandise was dutiable at 10 per cent. ad valorem, either directly under paragraph 435, c. 11, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], or, in the alternative, by similitude or component material of chief value, under paragraph 436, or under section 6 of said act, which provides for unenumerated articles. The Board of General Appraisers sustained the collector as to suit No. 2,781; and subsequently, as to suit No. 3,324, the board found and decided that the pearls in question could be held dutiable by similitude, either as "pearls, set or strung," or as "pearls in their natural state," and accordingly the higher rate of duty under section 7 applied, namely, 60 per cent. ad valorem. It is contended by the government that the decision of the Board of General Appraisers upon the question of similitude is fully justified by the facts. The argument and evidence of the importers were chiefly directed toward establishing that half pearls in fact are precious stones advanced by splitting.

Much testimony is found in the record, little of which was before the board, tending to show that pearls also belong to the category of "precious stones." Twenty-four expert witnesses testified upon the controverted point; 17 substantially to the effect that pearls were commercially regarded as precious stones, and were generally known as such in trade and commerce, though it was practically admitted by all the witnesses that pearls are not strictly precious stones. The board was of the opinion that the term "precious stones," as commercially used, did not include pearls, and that the meaning of that term is limited to mineral substances of that nature. Congress, however, has made a significant distinction between pearls and precious stones, which must prevail irrespective of the evidence tending to establish a different trade designation. This intention of the lawmaking power is quite apparent from an examination of the various paragraphs declaratory of a duty upon precious stones, jewels, and pearls. For example, paragraph 434 refers to "precious stones set, pearls set or strung." These terms are not correlative. If Congress had intended to include pearls in the category of precious stones, a phrase reading "precious stones set or strung" would have more aptly expressed such intention. It is settled law that when an article of importation, through having a commercial signification, has been plainly and specifically described in the tariff laws, the intention of Congress must be looked to for the purpose of fixing the rate of duty. Cadwalader v. Zeh, 151 U. S. 171, 14 Sup. Ct. 288, 38 L. Ed. 115. As already appears, half pearls are not enumerated in the tariff act. Their resemblance to an enumerated article must, therefore, be ascertained in order to fix the rate of duty. Arthur v. Fox,

108 U. S. 125, 2 Sup. Ct. 371, 27 L. Ed. 675; Hahn v. United States, 112 Fed. 635, 40 C. C. A. 622; Tiffany v. United States, 112 Fed. 672, 50 C. C. A. 419. I think the record discloses that the importations more nearly resemble pearls in their natural state than pearls set or strung. They were not adapted for stringing, but were chiefly useful for jewelry setting, involving labor and expense in completion. The half pearl is the better part of the true pearl, from which the flaws or blemishes in appearance and shape have been removed by sawing or splitting. The decision of the circuit court of appeals in the Tiffany Case, supra, is in strong analogy to the case at bar. I think the Board of General Appraisers erred in deciding that the importations are equally within the terms, by similitude, of said paragraphs 434 and 436. The half pearls in question, in my opinion, are dutiable by similitude under paragraph 436 only, and hence should be assessed at the rate of 10 per cent. ad valorem.

The decision of the Board of General Appraisers is reversed.