### HELMRATH v. UNITED STATES.

(Circuit Court, S. D. New York. December 21, 1904.)

#### No. 3,626.

**1. CUSTOMS DUTIES—PROTEST—SUFFICIENCY.**

An importer protested against the payment of duty on 99 skins, classified as hides, in regard to which he stated in his protest, "each of which weighs under 12 pounds; and looking to you for the refund of duty on these 99 skins I remain," etc. It appeared that 12 pounds is the dividing line between hides and skins, and that paragraph 664 of the Free List, Tariff Act July 24, 1897, c. 11, § 2, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], is the only paragraph authorizing the admission of such skins free of duty. *Held*, that the protest was sufficient under section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], requiring that protests shall point out "distinctly and specifically" the grounds of the importer's objections to the assessment of duty.

**2. SAME—EVIDENCE—SUFFICIENCY.**

Where importations of hides and skins, mixed together, were sorted by experienced men, who determined whether they were under or over 12 pounds, the dividing line between hides and skins, by handling alone, except with doubtful pieces, on which they used the scales, and it appeared that the pieces considered by them to be skins were treated as such, being sold on that basis, *held*, that the evidence of these facts justified a finding that such pieces were actually skins, and not hides.

On Application for Review of Decisions of the Board of United States General Appraisers.

This case relates to three decisions of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by W. Helmrath. Among the issues raised was the question of whether the protests were sufficient under section 14, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], requiring that

protests shall set forth "distinctly and specifically" the grounds of the importer's objections to the assessment of duty.

J. Stuart Tompkins, for importer.
D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in question consists of dried calfskins, imported from South America at the port of New York, which were assessed for duty at 15 per cent. ad valorem, under paragraph 437 of the Tariff Act of July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 192 [U. S. Comp. St. 1901, p. 1676], the material part of which reads:

"437. Hides of cattle, raw or uncured, whether dry salted or pickled, fifteen per cent. ad valorem."

The importer claims that certain of the pieces in question were skins, as distinguished from hides, and that he was therefore entitled to a refund of the duty paid on the skins.

The protest filed in connection with one of the invoices serves to raise the first question at issue, since they were all alike so far as the specific cause of complaint is concerned, which protest is as follows:

"I herewith protest against the liquidation of my entry of hides and skins Ex. S. S. Alene, entered June 3rd, 1903, Entry No. 111,033, marked as follows: 'P. R. 1,343 Pieces, D 600 Pieces.' As per city weighmaster's return, whose affidavit I herewith attach, the above P. R. contains 89 skins, and D 10 skins, each of which weighs under 12 pounds; and looking to you for the refund of duty on these 99 skins I remain," etc.

There is only one paragraph in the free list which could apply to skins, and which would sanction the refund of duty demanded by the protestant, and that is paragraph 664, § 2, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688], which reads:

"Skins of all kinds, raw (except sheep skins with the wool on) and hides not specially provided for in this act."

It was known by everybody concerned that the line of demarcation between hides and skins had been placed at the 12-pound weight, and the collector could not have been in doubt as to what the importer meant. The protest is amply sufficient under the decisions.

Much testimony was taken before the General Appraisers which relates to separate invoices, each containing both hides and skins, and upon that testimony and the other papers in the case the General Appraisers made three separate decisions, which are found in the record as Exhibits P, Q, and R. While criticising the protests, they do, however, undertake to decide the question upon its merits. In Exhibit P they say:

"We find that there is no evidence before us to sustain the claim that each skin weighed less than twelve pounds, and therefore, regardless of the form of the protests, they are overruled."

In Exhibit Q they say:

"We have no sufficient proof to justify a finding that any of the alleged skins weighed less than twelve pounds. It appears that the counting, separation and weighing of the hides and alleged skins was done by city weighers in block, and not separately. The weighers claim to be able, by reason of ex-

135 F.—58

perience, to tell by examination whether a skin weighed over or under twelve pounds, and their sworn certificates of return of the weighing, although there had been no separate weighing of the skins, set forth that each of the alleged skins weighed less than twelve pounds. We are not satisfied with such proof, and think the protestant has failed to furnish sufficient evidence that any of the skins weighed less than twelve pounds."

And in Exhibit R they say:

"The weighing of the hides and skins was done by city weighers in block, and not separately. Mere handling, and, as a result thereof, estimating the weight of the alleged skins, in the absence of separate weighing, is insufficient."

The rule of law is plain, as laid down by the Circuit Court of Appeals, that a finding of fact by the Board of General Appraisers is not conclusive upon this court, and should not be followed "where such finding is contrary to the weight of evidence." In re Van Blankensteyn, 56 Fed. 474, 477, 5 C. C. A. 579; Apgar v. U. S., 78 Fed. 332, 334, 24 C. C. A. 113. A somewhat careful examination of the testimony establishes these facts: (1) In each consignment the hides and skins were all handled, the skins being thrown in a pile by themselves, and, if there was any doubt as to the 12-pound limit in the mind of the weigher, the scales were used upon the doubtful piece. The weighers were experienced men. (2) The skins did not average over 10 pounds, and it is impossible to conceive that any serious mistakes were made. The pieces thrown out and treated as skins were sold in the trade based upon these weights, and none were returned on account of error. The same is true of the hides. The testimony satisfies me that, trifling accidents excepted, each skin weighed under 12 pounds. If a single skin did happen to run a trifle over weight, I see no reason why the protestant should not have the advantage, and the government be bound to accept the well-known maxim of the law, "De minimis non curat lex."

The protests apply, as I understand it, to 429 pieces, for which the refund as skins is claimed. To this extent the decision of the Board of General Appraisers is reversed.