## VANDIVER v. UNITED STATES.

### (Circuit Court of Appeals, Third Circuit.  November 11, 1907.)

### No. 3 (1,856).

1. CUSTOMS DUTIES—APPEAL FROM GENERAL APPRAISERS—CONCLUSIVENESS OF FINDINGS.

Findings of the Board of General Appraisers, unless unsupported or against the weight of evidence, or additional evidence has been taken, will not be disturbed by the courts on appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Customs Duties, § 205.]

2. SAME—DECISION BY COLLECTOR OF CUSTOMS—PRESUMPTION OF CORRECTNESS.

The classification by a collector of customs of imported goods under a tariff law is presumably correct.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

There was no opinion below.  The Circuit Court affirmed a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Philadelphia.. The subject of the controversy consisted of sulphur, which was shown by chemical analysis to contain in one instance .0015 per cent. of nonvolatile impurities, and in another instance .00437 per cent. of ash.

S. Morris Waln, for the importer.

Jasper Yeates Brinton, Asst. U. S. Atty., and J. Whitaker Thompson, U. S. Atty.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.  The appellant, John L. Vandiver, imported certain sulphur and contended it was dutiable under paragraph 674 of the tariff act (Act July 24, 1897, c. 11, § 2, Free List, 30 Stat. 201 [U. S. Comp. St. 1901, p. 1688]), viz.:

"Sulphur, lac or precipitated, and sulphur of brimstone, crude, in bulk, sulphur ore as pyrites, or sulphuret of iron in its natural state, containing in excess of twenty-five per centum of sulphur, and sulphur not otherwise provided for."

The collector classified it as refined sulphur, under paragraph 84, viz.:

"Sulphur, refined or sublimed, or flowers of, eight dollars per ton."

On appeal by Vandiver, the Board of General Appraisers, and thereafter the Circuit Court, approved the collector's action.  The case turns on the question whether this sulphur was refined.  Being invoiced by the shipper as "refined roll sulphur," it would seem the burden was on the importer to show the importation was not refined, as thus invoiced. The General Appraisers, after referring to the large mass of testimony, state that:

"A careful consideration of it strengthens the opinion that the sulphur is not crude, but is in fact refined."

We are of opinion the court below committed no error in adopting this view.  The presumption was that the collector's classification was

156 F.—61

correct. Pickhardt v. United States, 67 Fed. 111, 14 C. C. A. 341. And the collector's classification was supported by the findings of the Board of Appraisers. These findings, unless unsupported, against the weight of the evidence, or where additional evidence is before the court, will not be disturbed on appeal. Apgar v. United States, 78 Fed. 332, 24 C. C. A. 113; In re Van Blankensteyn, 56 Fed. 475, 5 C. C. A. 579.

The evidence warranted the Board's finding, and the appeal is therefore dismissed.