E. C. HAZARD & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 7, 1909.)

No. 35 (4,921).

Customs Duties (§ 30*)—Classification—Coffee Essence—"Coffee"—Articles Used as Coffee or as Substitutes."

Coffee essence, which is used as coffee or as a substitute therefor, is not "coffee," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 529, 30 Stat. 197 (U. S. Comp. St. 1901, p. 1682), but is dutiable, either directly or by similitude, as "articles used as coffee, or as substitutes for coffee," under section 1, Schedule G, par. 283, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 30.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal by the importers from a decision of the Circuit Court for the Southern District of New York (164 Fed. 907), affirming a decision of the Board of General Appraisers which sustained the action of the collector, who assessed an ad valorem duty of 20 per cent. upon

the imported merchandise as nonenumerated manufactured articles under section 6 of the tariff act of 1897 (30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]).

Walden & Webster (Harry · J. Webster, of counsel), for the importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (William A. Robertson, of ·counsel), for the United States.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The merchandise in controversy is described by the local appraiser as a "liquid extract of coffee bean, commonly known as essence of coffee, and not as coffee or coffee substitute." A sample package was introduced in evidence labeled "Concentrated Essence of Turkey Coffee."

One of the witnesses produced by the importers testifies that the imported article, as represented by the sample, is used—

"as a beverage as a substitute for coffee, for drinking purposes. I have tried it; it looks like coffee. It does not have the taste of coffee, I usually use. I don't know the formula. I should imagine from the flavor that it was a combination of coffee and chicory; that is what I should imagine. I don't know that."

Another witness, after examining the sample, says:

"It is known as Crosse & Blackwell's coffee extract, used for making coffee 'for drinking purposes and by some families for baking. I have tried it myself; as a result I got the most delicious cup of coffee I ever had, outside of Arabian and Mocha and Java. It looks and tastes like coffee. We sell quite a lot of it."

The collector, finding it to be an unenumerated manufactured article, levied duty under section 6 of the act at 20 per cent. ad valorem. The importers insist that as "coffee" is on the free list it should ·enter free of duty as coffee under paragraph 529, or, if not entitled to free entry, it is dutiable either directly or by similitude under paragraph 283, which is as follows:

"Dandelion-root and acorns prepared, and articles used as coffee, or as substitutes for coffee not specially provided for in this act, two and one-half cents per pound."

They argue that the article is either coffee or it is not. If it be coffee, it is entitled to free entry. If not in fact coffee, it is used either as coffee or as a substitute for coffee; and if not so used, then it is similar to articles which are so used.

Before the general catch-all clause can be resorted to it must be found that paragraph 283 is inapplicable both directly and by similitude. We incline to the opinion that the article in question is directly covered by this paragraph, but we have no doubt that it is similar in the use to which it may be applied to the articles there enumerated. It is used as coffee or as a substitute therefor, or it is similar to such articles in the use to which it may be applied. The directions on the bottle in evidence provide for adding sugar and milk or cream, and boiling water, to make a cup of coffee.

The Board finds that the article is not coffee and that paragraph 283 is intended to cover articles which are not coffee but are used as

substitutes for it. That this article, which the Board finds is not coffee, is used as coffee or as a substitute for coffee seems to be undisputed. The paragraph in question recognizes the fact that some articles which are not coffee are used as substitutes therefor. If the article in question be not such a substitute, it certainly is similar in its use to articles which are. Indeed, it seems to have no other use.

We cannot think that the collector was justified in levying so high a rate of duty upon the merchandise in question, when it appears beyond dispute that its use is similar to the use of the articles enumerated in paragraph 283.

The similitude clause operates if the articles in question are similar in any one of the four particulars—material, quality, texture, or use—provided for in section 7 of the act. Hahn v. United States, 100 Fed. 635, 40 C. C. A. 622; John A. Paterson & Co. v. United States, 166 Fed. 133, 92 C. C. A. 524; Tiffany v. United States, 112 Fed. 672, 50 C. C. A. 419.

The decision of the Circuit Court is reversed.