FRANCKLYN et al. v. UNITED STATES.

(Circuit Court, S. D. New York.   November 12, 1902.)

No. 3,202.

1. CUSTOMS DUTIES—CRUDE HEMATITE ORE.
    Crude hematite ore, which in its present state cannot be used as a pigment or color, is assessable at 40 cents per ton as "iron ore," within paragraph 121, Tariff Act July 24, 1897 [U. S. Comp. St. 1901, p. 1636], and not at 30 per cent. ad valorem, as "color," under paragraph 58.

Appeal by the Importers from a Decision of the Board of General Appraisers Which Affirmed the Classification by the Collector of the Importation in Question.

Howard T. Walden, for importers.

Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, Circuit Judge.   The merchandise in question is a crude mineral product, which was assessed for duty at 30 per cent. ad valorem, under the provisions of paragraph 58, Tariff Act July 24, 1897 [U. S. Comp. St. 1901, p. 1630], as a "color," and was claimed to be dutiable at 40 cents per ton, as "iron ore," under paragraph 121 of said act [U. S. Comp. St. 1901, p. 1636].   The paragraphs bearing on this question are the following:

"Par. 58 [U. S. Comp. St. 1901, p. 1630]. All paints, colors, pigments, lakes, crayons, smalts and frostings, whether crude or dry or mixed, or ground with water or oil or with solutions other than oil, not otherwise specially provided for in this act, thirty per centum ad valorem; all paints, colors and pigments, commonly known as artists' paints or colors, whether in tubes, pans, cakes or other forms, thirty per centum ad valorem."

"Par. 121 [U. S. Comp. St. 1901, p. 1636]. Iron ore, including manganiferous iron ore, and the dross or residuum from burnt pyrites, forty cents per ton: provided, that in levying and collecting the duty on iron ore no deduction shall be made from the weight of the ore on account of moisture which may be chemically or physically combined therewith; basic slag, ground or unground, one dollar per ton."

The merchandise is in fact crude hematite ore, or iron ore.   In its present state it cannot be used as a pigment or color, and, even if it be assumed that it is in fact a color or pigment, then it is a color specially provided for as iron ore in paragraph 121.   Congress having seen fit to levy a duty of 40 cents per ton on iron ore without qualification as to its use, and without the limitation "not specially provided for," such designation must stand.   In the Vandegrift Case (C. C.) 107 Fed. 265, where a similar article was considered, the issue was not the same as that raised by this protest.   Upon an issue practically identical with that raised herein, the board, in G. A. 1,312, held, in construing a similar provision of the act of 1890, that a like article was an iron ore, and not a color.

The decision of the board of general appraisers is reversed.