McCOACH, Collector of Internal Revenue, v. PHILADELPHIA TRUST, SAFE DEPOSIT & INS. CO. et al. (two cases).

SAME v. NORRIS et al.

(Circuit Court of Appeals, Third Circuit. December 26, 1905.)

Nos. 9, 10, 11.

INTERNAL REVENUE—LEGACY TAXES—EFFECT OF REPEAL OF STATUTE.

Legacy taxes, under War Revenue Act June 13, 1898, c. 448, §§ 29, 30, 30 Stat. 464, 465, as amended by Act March 2, 1901, c. 806, §§ 10, 11, 31 Stat. 946, 948 [U. S. Comp. St. 1901, pp. 2307, 2308], which were made due and payable one year after the death of the testator, are not collectible on the estates of persons who died within one year prior to July 1, 1902, at which time the repeal of said section 29 took effect (32 Stat. 97 [U. S. Comp. St. Supp. 1905, p. 446]).

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 135 Fed. 866. See, also, 127 Fed. 386.

Jasper Yeates Brinton and J. Whitaker Thompson, for plaintiff in error.

H. G. McCouch, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. In each of these cases the plaintiff in error was the defendant below, and in each of them, upon his demurrer to the statement of claim, the Circuit Court entered judgment in favor of the plaintiffs, and thereupon these writs of error were sued out.

The opinion delivered by the learned judge is as follows:

"These suits, which are alike in their essential facts, are brought to recover taxes upon legacies which were imposed under sections 29 and 30 of the war revenue act of 1898 (Act June 13, 1898, c. 448, 30 Stat. 464, 465), as amended by Act March 2, 1901, c. 806, §§ 10, 11, 31 Stat. 946, 948 [U. S. Comp. St. 1901, pp. 2307, 2308], and were paid to the collector under protest. The controlling question in each case has recently been decided by the Circuit Court of Appeals for the Second Circuit in Eidman, Collector, v. Tilghman et al., 136 Fed. 141, and I shall follow that ruling without discussion. The point decided there was that the sections referred to did not impose the tax until the end of a year after the death of the testator because the act of 1901 declared that the tax should then be due and payable, and should be a lien and charge upon the property of the decedent; and therefore that legacies passing by the will of a testator, who died October 13, 1901, could not be taxed, because section 29 of the act of 1898 was repealed by Act April 12, 1902, 30 Stat. 97 [U. S. Comp. St. Supp. 1905, p. 446], and no tax was saved by section 8 of that statute unless it had become due and payable, and had thus been already imposed, before July 1, 1902, the date when the re-

pealing act took effect. In the first of the cases now under consideration the decedent died May 24, 1902, in the second, April 14, 1902, and in the third, November 18, 1901—in each case after July 1, 1901, and within the year fixed by law as the period which must elapse before the tax should become due and payable."

We think, not only that the court below was clearly right in following the decision of the Court of Appeals for the Second Circuit, but that this court, also, should follow it. We base this ruling, not upon comity merely, but upon the ground that in suits of this character uniformity in the judgments of the several Courts of Appeals is especially important, and should be maintained wherever, as in the present instance there has been no decision of the Supreme Court which precludes it.

For this reason, the judgment of the Circuit Court in each and all of these cases is affirmed.