ALEXANDER MURPHY & CO. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit.   May 14, 1908.)

No. 35 (1,951).

CUSTOMS DUTIES—CLASSIFICATION—GRANITE "DRESSED"—MONUMENTS IN SECTIONS.

Tariff Act July 24, 1897, c. 11, § 1, Schedule B, pars. 117, 118, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1636), relating to granite, etc., "and other building or monumental stone," "hewn, dressed or polished," and "unmanufactured or undressed," was intended to cover the general subject of building and monumental stone; and granite monuments imported in sections dressed, ornamented, and polished abroad and ready to be set up and leaded or cemented together are dutiable under said paragraph 118 as "granite  *  *  *  dressed."

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Howard T. Walden (Joseph M. Dohan and Walden & Webster, on the brief), for importers.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for the United States.

Before MOODY, Circuit Justice, and DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.   This case involves the proper classification of importations of granite.   In pursuance of designs and specifications for monuments, these pieces of granite, consisting of die, base, and cap, were dressed, ornamented, and polished abroad to size, scale, and design, and were imported in that shape.   After importation, the monuments are set up; the several pieces being cemented or leaded together.   The collector classed the imports under paragraph 118 of the tariff act (Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]), while the importer, by appeal to this court, seeks to classify under section 6, viz.:

"That there shall be levied, collected and paid on the importation of all raw or unmanufactured articles, not enumerated or provided for in this act, a duty of ten per centum ad valorem, and on all articles manufactured, in whole or in part, not provided for in this act, a duty of twenty per centum ad valorem."

Or under paragraph 97, which provides:

"Articles and wares composed wholly or in chief value of earthy or mineral substances, or carbon not specially provided for in this act, if not decorated in any manner, thirty-five per centum ad valorem; if decorated, forty-five per centum ad valorem."

We are of opinion no error was made by the collector. Paragraph 118, under which the collector acted, viz., "freestone, granite, sandstone, limestone, and other building or monumental stone, except marble and onyx, not specially provided 'for in this act, hewn, dressed or polished, fifty per centum ad valorem," and paragraph 117, viz., "freestone, granite, sandstone, limestone, and other building or monumental stone, except marble and onyx, unmanufactured or undressed, not specially provided for in this act, twelve cents per cubic foot," were evidently meant to cover the general subject of building and monumental stone. In substance, paragraph 117 provided for importation thereof in crude state, described them as "unmanufactured or undressed," and levies a tax of 12 cents per cubic foot; while paragraph 118 provides that when such material was "hewn, dressed or polished" —that is, when the value had been increased from the crude to a "hewn, dressed or polished" state—they were taxed at 50 per centum ad valorem. Now it is clear that these articles which were finished parts of a monument, each dressed to scale and ornamented and polished to design, were aptly described as "granite * * * dressed or polished." They are of the general class of articles, viz., monumental stone, which paragraph 118 covered, and are therein more specifically designated as "granite or monumental stone dressed or polished," than in the broader generic language of section 6 as "articles manufactured in whole or in part." This conclusion is in accord with decisions in the Second circuit (Baldwin & Co. v. United States [C. C.] 144 Fed. 702, affirmed in 149 Fed. 1022, 79 C. C. A. 531), and results in that desirable 'uniformity of holding. which avoids confusion in tariff construction at different points of entry.

The judgment of the court below is affirmed.

NOTE.—The following is the opinion of Holland, District Judge, in the court below:

HOLLAND, District Judge. This is an appeal by the importers from a decision of the Board of General Appraisers, affirming a decision by the collector of customs, and classifying certain parts of granite monuments, imported in condition ready to put together, to form a complete monument, as "granite, dressed or polished," under Act July 24, 1897, c. 11, § 1, Schedule B, par. 118, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1636), against the contention of the importers that the same should be classified as an article of mineral substance under paragraph 98, providing for "articles and wares composed wholly in chief value of earthy or mineral substances or carbon, not specially provided for in this act," at 35 or 45 per centum ad valorem, or under section 6, as an "article manufactured in whole or in part, not provided for in this act," at 20 per centum ad valorem.

The report of the appraiser to the collector of customs was substantially as follows: "I beg to state that the merchandise is dressed and polished granite, specially provided for in paragraph 118, Tariff Act 1897, and properly dutiable thereunder as returned." Upon this report the collector imposed the duty upon the importation under paragraph 118, and his decision was approved by the Board of General Appraisers, upon the authority of the decision of the Circuit Court for the Southern District of New York, in

Baldwin v. U. S., 144 Fed. 702, affirmed by the Circuit Court of Appeals of the same circuit in 149 Fed. 1022, 79 C. C. A. 531. In that case, as stated in the syllabus, the court held: "Monuments in sections, consisting of pieces of dressed granite intended to be assembled and erected as monuments without further manipulation, are dutiable as dressed granite under paragraph 118 of the tariff act of 1897."

The importation in the case at bar is similiar to the one considered in the Baldwin Case: but it is urged section 6, under which it should be classified, was not before the court in that case. Whether it was, or not, is not now important, because the Circuit Court of Appeals of the Second District has decided the article should be assessed under paragraph 118, and any other ruling here would make a different schedule of rates at the port of Philadelphia from that charged at New York on the same importation. We are not inclined to so complicate the tariff law.

For these reasons, the decision of the Board of General Appraisers in this case is affirmed, and the appeal dismissed.