### HILL v. FRANCKLYN & FERGUSON.

(Circuit Court of Appeals, Third Circuit. May 26, 1908.)

No. 29 (1,782).

1. CUSTOMS DUTIES—CLASSIFICATION—HEMATITE "IRON ORE"—"PIGMENTS."

Hematite iron ore in a form in which it cannot be used as a pigment is not dutiable as "pigments," under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630), but as "iron ore," under Schedule C, par. 121, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1636).

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3767.]

**2. COURTS—UNIFORMITY IN DECISION—RULINGS IN OTHER CIRCUITS.**
In suits of the character of customs litigation, uniformity in the judgments of the courts of first instance, as well as in those of the appellate tribunals, is desirable, and, where no direct attack has been made upon a prior adjudication by a Circuit Court of the questions subsequently sought to be raised in a similar suit in the Court of Appeals in another circuit, such prior adjudication should be followed, unless clearly erroneous.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 327.]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for appellant.

Walden & Webster (Howard T. Walden, of counsel), for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. The collector of the port of Philadelphia assessed the merchandise with which this case is concerned at 30 per cent. ad valorem, under Tariff Act July 24, 1897, c. 11, Schedule A, par. 58, 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630). The importers claimed that it was properly dutiable, under paragraph 121 of that act, at 40 cents per ton. Both paragraphs are copied in the margin.[1]

The Board of General Appraisers sustained the claim of the importers, and on appeal from that decision the Circuit Court entered the affirming decree which is now for review.

In the brief for the appellant it is rightly conceded "that the merchandise in the present case is in all material respects similar to that passed upon by Judge Townsend" in the case of Francklyn et al. v. United States (C. C.) 119 Fed. 470. The decision in that case was made in November, 1902, and, as no appeal from it was taken, the court below properly declined to consider de novo the issue which it determined. In suits of this character, uniformity in the judgments of the courts of first instance, as well as in those of the appellate tribunals, is desirable, and, where no direct attack has been made upon a prior adjudication by a Circuit Court of the question sought to be subsequently raised in a similar suit we think that the prior adjudication, unless clearly erroneous, should be followed. McCoach, Collector, etc., v. Philadelphia Trust, Safe Deposit & Ins. Co. et al., 142 Fed. 120, 73 C. C. A. 610.

It is contended, however, that the prior decision in this instance "was had upon an incomplete record, and wholly without any such

[1]Paragraph 58 (U. S. Comp. St. 1901, p. 1630): "All paints, colors, pigments, lakes, crayons, smalts and frostings, whether crude or dry or mixed, or ground with water or oil or with solutions other than oil, not otherwise specially provided for in this act, thirty per centum ad valorem; all paints, colors and pigments, commonly known as artists' paints or colors, whether in tubes, pans, cakes or other forms, thirty per centum ad valorem."
Paragraph 121 (U. S. Comp. St. 1901, p. 1636): "Iron ore, including manganiferous iron ore, and the dross or residuum from burnt pyrites, forty cents per ton: Provided, that in levying and collecting the duty on iron ore no deduction shall be made from the weight of the ore on account of moisture which may be chemically or physically combined therewith; basic slag, ground or unground, one dollar per ton."

convincing and unequivocal testimony as is found in the present record as to the proper description of the merchandise as 'pigment,'" and, in view of this contention, so much of the testimony in the present case as was not adduced in the preceding one has been considered with especial attention. But we have not been convinced by it, nor by the proofs as a whole, that this merchandise should have been classed as a "pigment," and not as "iron ore." Witnesses more or less experienced in handling similar merchandise have applied to it such inconclusive terms as "crude pigment," "dry material or dry coloring matter suitable for making paint," and the like; but that it is "in fact crude hematite ore, or iron ore," which "in its present state cannot be used as a pigment," is no less evident now than it was when Judge Townsend found it to be so.

We concur in that finding, and therefore the decree which in this case was based upon it is affirmed.

NOTE.—The following is the opinion of Holland, District Judge. in the Circuit Court:

HOLLAND, District Judge. This is an appeal by the United States from a decision of the Board of General Appraisers, which reversed the action of the collector of the port of Philadelphia in assessing duty at 30 per cent. ad valorem on certain hematite ore, under Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 58. 30 Stat. 154 (U. S. Comp. St. 1901, p. 1630). The importers claimed that the merchandise was properly dutiable at 40 cents a ton, under paragraph 121 of the same act (Schedule C, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636]); and the Board sustained the claim of the importers, and from that decision an appeal was taken to this court.

It appears that the iron ore covered by this protest is identical with that covered by suit No. 3,202, Francklyn & Ferguson v. U. S. (C. C.) 119 Fed. 470. In this case the Circuit Court of the Second Circuit sustained the contention of the importers, and we are not inclined to make a decision contrary to the view taken by the Second Circuit.

The appeal in this case is therefore dismissed.