JOHN A. PATERSON & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

No. 38 (5,029).

**1. Customs Duties (§ 44\*)—Classification—Horsehair Hat Braids.**

Horsehair braids, used exclusively in the manufacture of hats, are dutiable by similitude, as "braids * * * wholly of straw, * * * suitable for making or ornamenting hats," under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

**2. Customs Duties (§ 44\*)—"Similitude."**

In order to apply the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), it is not necessary that all the particulars of resemblance mentioned in the law should exist. The presence of one of these qualities is sufficient to establish the necessary degree of "similitude."

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*

For other definitions, see Words and Phrases, vol. 7, p. 6516.]

**3. Customs Duties (§ 44\*)—Resemblance.**

Where an unenumerated article has a very vague and questionable resemblance to some enumerated article, and is exactly identical with another enumerated article, its status under the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), is fixed by the latter condition; the former being disregarded.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

**4. Customs Duties (§ 44\*)—Resemblance.**

There is no substantial resemblance between a horsehair hat braid and a silk braid in material, quality, and texture, within the meaning of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693). While in these particulars there is probably a greater similarity to braids of silk than to braids of straw, it is too remote to be considered.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On appeal by the importers from a decree of the Circuit Court for the Southern District of New York (159 Fed. 320), which affirmed a decision of the Board of General Appraisers, sustaining the classification of the collector. The judge of the Circuit Court, being under the impression that it was the desire of both parties to have the question involved determined by this court, made a pro forma decision merely.

Everit Brown, for importers.

J. Osgood Nichols, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. There is no controversy as to the facts. The articles in question are real horsehair hat braids used exclusively in the manufacture of hats. They are nonenumerated and must, if possible, be classified under the similitude clause, before resort is had to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

general provision for nonenumerated articles, "manufactured in whole or in part." This is conceded by both sides. The government contends that they should be classified by similitude to "braids made of silk" under Tariff Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), and pay a duty of 60 per centum ad valorem. The importer contends that they should be classified by similitude to braids "composed of straw, etc., suitable for making hats," under paragraph 409, and pay a duty of 20 per centum ad valorem, and if not so classified that they should pay a similar duty under section 6 of the act.

The provisions of the law, in so far as they are applicable to this controversy, are as follows:

Section 7—the similitude clause—provides

"That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned."

Paragraph 390 provides, inter alia, for

"Braids * * * made of silk, or of which silk is the component material of chief value, not specially provided for in this act * * * sixty per centum ad valorem."

Paragraph 409 provides for

"Braids, plaits, laces and willow sheets or squares, composed wholly of straw, chip, grass, palm leaf, willow, osier, or rattan, suitable for making or ornamenting hats, bonnets or hoods * * * if bleached, dyed, colored or stained, twenty per centum ad valorem. * * * But the terms 'grass' and 'straw' shall be understood to mean the substances in their natural form and structure and not the separated fiber thereof."

Section 6 provides

"That there shall be levied, collected, and paid on the importation of * * * all articles manufactured, in whole or in part, not provided for in this act, a duty of twenty per centum ad valorem."

It will be observed that in order to invoke the provisions of the similitude clause it is not necessary that the imported article shall be found similar to the enumerated article in all the particulars mentioned in section 7, it is enough if similarity be found in any one of these particulars. This is clearly stated in the brief for the appellee as follows:

"There are four qualities in which the similitude may reside under section 7, to wit, material, quality, texture and use, and the presence of one of these qualities is sufficient to establish the necessary degree of similitude."

It would seem, therefore, when the collector examined the tariff to find an article similar to a horsehair hat braid and found a very vague and questionable resemblance to one enumerated article in "material" and an exact identity to another enumerated article in the "use to which it may be applied," that it was his duty to proceed under the paragraph describing the latter. His examination is confined to the tariff act and the comparison must be made with articles enumerated in the act. He is not authorized to institute a comparison between the imported article

and one which he thinks should be, although it is not expressly included, in the paragraph selected by him.

The only limitation in paragraph 390 is that the braids there enumerated shall be made of silk. If it had provided, eo nomine, for a silk hat braid, there would have been little room for criticism of the collector's action. We are, however, unable to see any substantial resemblance between a horsehair hat braid and a silk braid. In material, quality and texture the resemblance pointed out is too artificial for tariff purposes. In these particulars there is probably a greater similarity to braids made of silk than to braids made of straw, etc., but in either case it is too remote to be considered.

The paragraph invoked by the importer provides for braids used for making hats, and in this particular the braids in question and the braids of the paragraph are not only similar, they are identical. "Making or ornamenting hats" is the use to which both are applied. In brief, the question is this: Does a horsehair hat braid bear greater similitude to a straw hat braid than it does to a silk braid? We have no hesitation in answering this question in favor of the importer. As between the two paragraphs in question we have no doubt that the importer has chosen the more specific. If, however, it should be decided that the similitude clause cannot be invoked at all, the result will be unchanged, as the articles will in that event pay the same duty under section 6 of the act.

The decision is reversed and the collector is directed to reliquidate the merchandise at 20 per centum ad valorem.