## RHEIMS CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 16, 1909.)

### No. 4,155.

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—HORSEHAIR GOODS.

Trimmed and untrimmed hats, and braids, composed of horsehair, are respectively dutiable by similitude as straw hats, trimmed and untrimmed, and straw braids, suitable for hats, under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

2. CUSTOMS DUTIES (§ 52*)—EVIDENCE—PRODUCTION OF SAMPLES.

In the proof of the character of imported goods it is not essential that samples should be produced. Proof by other means is permissible.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 52.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,223 (T. D. 26,897), related to importations at the port of New York. The articles in controversy consisted of trimmed and untrimmed hats, and of braids, which were assessed under Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), and section 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), as silk hats and silk braids, by similitude. The board found them to be composed wholly or in chief value of imitation horsehair, and held them to have been properly assessed.

Paragraph 409, Schedule N, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), mentioned in the opinion of the court herein, reads as follows, so far as pertinent:

"409. Braids * * * composed wholly of straw, * * * suitable for making or ornamenting hats, * * * if bleached, dyed, colored or stained, twenty per centum ad valorem; hats * * * composed of straw, * * * whether wholly or partly manufactured, but not trimmed, thirty-five per centum ad valorem; if trimmed, fifty per centum ad valorem."

Walden & Webster (Henry J. Webster, of counsel), for importers.

J. Osgood Nichols, Asst. U. S. Atty.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HOLT, District Judge. The articles in this case, the duty upon which is in controversy, are certain braids used for making hats and certain kinds of hats. The importer claims that they are composed wholly or in chief value of real or natural horsehair. The Circuit Court of Appeals has held, in Paterson v. United States, 166 Fed. 733, that horsehair braids used exclusively in the manufacture of hats are dutiable by similitude to braids wholly of straw, suitable for making hats, enumerated in paragraph 409; and under that decision these articles, if in fact composed of natural horsehair, should be taxed under paragraph 409. No samples of the articles in question were produced upon the argument, and the brief of the government's counsel says that none were placed in evidence before the Board of Appraisers. The government's counsel claims that this appeal should be dismissed on the ground that, no samples being produced, the court cannot pass upon the question what the goods were. But I take it that, if samples were not produced before the Board of Appraisers, the character of the goods may be proved by evidence. The evidence in this case is uncontradicted that all of the goods imported, except certain goods, marked in the invoice "crinol," are made of natural horsehair. The witness before the Board of Appraisers testified that the goods were made of horsehair, but the appraiser in his appraisal states that they are goods made of imitation horsehair. It appears in evidence that the term "horsehair" is commercially applied to goods which are in fact imitation horsehair, but the evidence before the appraisers was absolute that the goods were horsehair; and on the appeal in this court affirmative evidence was given that they were not imitation horsehair, but were actual horsehair. Under these circumstances, it seems to me that I am bound by the record. The evidence being absolutely uncontradicted that the goods in question were natural horsehair, I think that the decision of the appraisers should be reversed, and that the goods should be assessed for duty under paragraph 409, in conformity with the case of Paterson v. United States (C. C. A.) 166 Fed. 733.

## Extract from Order.

It is ordered, adjudged, and decreed that there was error in said proceedings before said Board of General Appraisers, that their decision be and the same is hereby reversed, and that the entries of merchandise involved herein shall be reliquidated as follows:

(1) That all items designated on the invoices as "crin braids" shall be reliquidated at 20 per cent. ad valorem.

(2) That all items designated on the invoices as "horsehair hat" and as "chapeaux crin" shall be reliquidated at 35 per cent. ad valorem.

(3) That all items designated on the invoices as "horsehair trimmed hat" shall be reliquidated at 50 per cent. ad valorem.