## WANAMAKER v. UNITED STATES.

(Circuit Court, E. D. Pennsylvania. April 2, 1909.)

No. 69 (1,973.)

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—HORSEHAIR HATS—SIMILITUDE.
   By virtue of the similitude clause, horsehair hats are dutiable at the
   rate provided for "hats of straw * * * not trimmed," by Tariff Act
   July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat. 189 (U. S. Comp.
   St. 1901, p. 1673).

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 44.*]

2. COURTS (§ 96*)—COMITY.
   This court will follow the decision in a customs case by the Circuit
   Court in the Second Circuit, in order to avoid conflict of decision between
   the collection districts of the two jurisdictions.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 327; Dec. Dig.
   § 96.*]

On Application for Review of a Decision by the Board of United
States General Appraisers.

The decision below, which is reported as G. A. 6,606 (T. D. 28,217),
affirmed the assessment of duty by the collector of customs at the port
of Philadelphia on importations by John Wanamaker.

Comstock & Washburn (George J. Puckhafer, of counsel), for importer.

J. Whitaker Thompson, U. S. Atty., and Jasper Yeates Brinton, Asst.
U. S. Atty.

J. B. McPHERSON, District Judge. The merchandise in question is
untrimmed hats made of horsehair, and was assessed for duty by the
Board of General Appraisers under Act July 24, 1897, c. 11, § 1, Schedule L, par. 390, 30 Stat. 187 (U. S. Comp. St. 1901, p. 1670), by similitude to silk wearing apparel. The importer contends, inter alia, that the
assessment should have been made under paragraph 409, Schedule N,
30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), by similitude to "hats of
straw * * * not trimmed," and this position I think should be
sustained. My reason for thus ruling is found in the fact that the Circuit Court for the Southern District of New York has recently decided the precise question in Rheims v. United States, 169 Fed. 662; the
opinion of Judge Holt being based on Paterson v. United States, a
case in the Court of Appeals for the Second Circuit that has just been
published in 166 Fed. 733. The government argues earnestly that
Rheims v. United States should be disregarded, because the opinion
does not show that the court considered the position now taken by the
United States attorney in support of the board's classification; but, as
it seems to me, this argument does not furnish a sufficient reason for
making an exception to the rule of comity that has been frequently applied in this circuit in order to avoid conflict of decision between the
collection districts of New York and Philadelphia. Murphy v. United States (C. C. A.) 162 Fed. 871; Hill v. Francklyn (C. C. A.) 162
Fed. 880; Vandegrift v. United States (C. C.) 164 Fed. 70. If the

government is not satisfied with Judge Holt's decision, it should be reviewed in the Second Circuit; or it may in effect be attacked here by an appeal in the present proceeding, since my ruling is rested wholly upon the authority of that case.

The decision of the Board of General Appraisers is reversed, and it is now ordered that the merchandise be assessed for duty under paragraph 409.