## F. B. VANDEGRIFT & CO. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. August 20, 1909.)

No. 43 (1,683).

1. CUSTOMS DUTIES (§ 44*)—SIMILITUDE—RAMIE SLIVER.
    Ramie sliver is dutiable as cotton sliver by similitude, under Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 302, 30 Stat. 175 (U. S. Comp. St. 1901, p. 1655).
    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

2. CUSTOMS DUTIES (§ 44*)—SIMILITUDE—"SIMILAR IN MATERIAL"—"SIMILAR IN QUALITY"—"SIMILAR IN TEXTURE"—"SIMILAR IN USE."
    Within the meaning of the similitude clause in Tariff Act July 24, 1897, c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), ramie sliver resembles cotton sliver (1) in "material," because it is a vegetable fiber; (2) in "quality," because it has reached the same degree of purity, or freedom from objectionable substances; (3) in "texture," because the fibers are in the same form; and (4) in "use," because, like cotton sliver, it is spun into yarn and thread, so as to be manufactured into fabrics.
    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
173 F.—39

3. Courts (§ 90*)—Comity—Weight of Decision by Court of Same Rank.

While it is desirable that there should be uniformity of decision upon the same question, there rests upon the court the duty of determining by its own investigation the matter at issue; and, though it may have been decided in one way by a court of similar authority in another jurisdiction, such decision is not of binding force, though possessing certain persuasive value, determined by the strength and logic of its statement.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 311; Dec. Dig. § 90.*]

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For decision below, see 164 Fed. 65.

W. Wickham Smith (Francis Fisher Kane, on the brief), for importers.

Jasper Yeates Brinton, Asst. U. S. Atty., and J. Whitaker Thompson, U. S. Atty.

Before GRAY and BUFFINGTON, Circuit Judges, and YOUNG, District Judge.

YOUNG, District Judge. This case comes before us upon an appeal from the judgment of the Circuit Court for the Eastern District of Pennsylvania, affirming the decision of the Board of General Appraisers on the classification of merchandise invoiced as "ramie sliver," classified for duty by the Board of General Appraisers under paragraph 302, Schedule I, § 1, and section 7, of the tariff act of 1897 (Act July 24, 1897, c. 11, 30 Stat. 175, 205 [U. S. Comp. St. 1901, pp. 1655, 1693]), by similitude to cotton sliver, against the protest of the importers. The merchandise was originally assessed for duty by the collector of customs at 45 per cent. ad valorem, under paragraph 347, as a manufacture of ramie not specially provided for. Upon appeal to the Board of General Appraisers, it appeared that during the interim precisely similar merchandise had been made the subject of an elaborate opinion by the Board of General Appraisers in New York, later affirmed by consent by the Circuit Court in what is known as the Eckstein Case (In re Albert Eckstein, G. A. 5,822 [T. D. 25,710]), holding that the merchandise was not a manufacture, but was dutiable at the same rate of duty, to wit, 45 per cent., by similitude to cotton sliver, and upon the authority of this decision the Board of General Appraisers sustained the classification of the collector in the case at bar.

In the case at bar, upon the appeal to the Circuit Court for the Eastern District of Pennsylvania, Judge McPherson, after reciting the decision of the Board of General Appraisers and the decision in the Eckstein Case, concluded as follows:

"This decision of the board was affirmed by the Circuit Court for the Southern District of New York (T. D. 26,462), and, although the ruling of the court was entered by consent, the decision was acquiesced in during the last three years. The present proceeding is, therefore, an indirect attack upon the judgment then entered by Judge Townsend, and, if successful, would result in the imposition of one rate of duty when the merchandise in question is brought into this district, and of a different rate when it is brought into the Southern

district of New York. It is hardly necessary to point out the undesirability of such a result. This has already been done by the Court of Appeals for the Third Circuit in two cases (Hill v. Francklyn, 162 Fed. 880, 89 C. C. A. 570, T. D. 29,074, and Murphy v. United States, 162 Fed. 871, 89 C. C. A. 561, T. D. 29,032), in each instance affirming the decision of Judge Holland, reported in T. D. 28,856 and T. D. 28,819, respectively. If, therefore, the ruling in Eckstein's Case is to be dissented from, I think the proper tribunal to announce such a view is the Court of Appeals, and for this reason I shall follow the formal judgment of the Circuit Court for the Southern District of New York, adding merely that, if the similitude section is applicable, the rate determined thereby is to be preferred to the rate fixed by section 6. Hahn v. United States, 100 Fed. 635, 40 C. C. A. 622. The decision of the Board of General Appraisers is affirmed."

The specifications of error raise a single question: Did the learned judge err in adopting the decision of the Circuit Court for the Southern District of New York, and in holding the merchandise in question dutiable by similitude to cotton sliver? The learned judge was clearly right in saying that it is desirable that different decisions should not be made as to the rate of duty upon the same articles in the different districts. There rests undoubtedly upon a court the duty of determining by its own investigation whether or not the article should bear a certain duty. This is saying no more than that each court will decide the question for itself, unless the appellate court has determined the question for it; but that it has been decided in a certain way in one jurisdiction should have weight, because of the desirability of having uniformity of decision upon the same question, and the decision itself has a certain persuasive value, determined by the strength and logic of its statement, and this is especially true of the case at bar. While, therefore, we would not feel ourselves bound by a decision of a court of another jurisdiction upon the same question, we are satisfied in this case that the learned judge made no error in following the decision in the Eckstein Case.

The real question in this case was: Is ramie sliver to be charged with a duty of 45 per cent. ad valorem, provided for by paragraph 302, which fixes for cotton sliver that rate, because under section 7 it is provided:

"That each and every imported article not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned."

We are of opinion that ramie sliver is in similitude with cotton sliver and should bear the same duty, because it resembles in material, quality, texture, and use cotton sliver. It is similar to cotton sliver, in that it is a vegetable product, or, as stated in the statute, of vegetable fiber. It is similar in quality, in that it has reached the same degree of purity, if the word is applicable, as cotton sliver. Its treatment has been to get rid of the gummy substances and produce something comparatively free from the impurities or substances that must be discarded to make it fit for further treatment in manufacture. Its tensile strength is greater than that of cotton; but in texture cotton sliver and ramie sliver are practically the same. It is the crude straightening out of the fiber in layers, just as cotton sliver is. As to its use,

it can certainly be and is spun into yarn, a finer reduction of the sliver, then into thread by continuous manufacture, so as to finally reach a proper degree of purity and fineness, so that it can be manufactured into fabrics—a similar process to that through which cotton passes from the sliver. In all these ways and respects it seems to us to resemble cotton sliver. The opinion of the Board of General Appraisers seems to us to show very clearly and specifically that ramie sliver belongs by way of similitude to the article known as cotton sliver.

The finding of the Circuit Court, affirming the decision of the General Appraisers, should be sustained; and the judgment of the lower court is therefore affirmed.