R. L. COCHRAN & CO. v. UNITED STATES.

ROSENBLUM & SENTNER v. UNITED STATES.

(Circuit Court, S. D. New York. June 28, 1910.)

Nos. 4,717, 4718.

CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—IMITATION HORSEHAIR HATS—SIM-
ILITUDE.
  Untrimmed hats of imitation horsehair, which is a material of vege-
table origin, resemble untrimmed hats of straw more than silk wearing
apparel, and are accordingly dutiable at the rate provided for the former,
under Tariff Act July 24, 1897, c. 11, § 1, Schedule N, par. 409, 30 Stat.
189 (U. S. Comp. St. 1901, p. 1673).
  [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec.
Dig. § 44.*]

On Application for Review of a Decision by the Board of United
States General Appraisers.

For decision below, see G. A. 6,487 (T. D. 27,743), in which the
Board of General Appraisers affirmed the assessment of duty by the
collector of customs at the port of New York on imported merchan-
dise.

Brooks & Brooks (Frederick W. Brooks, Jr., of counsel), for im-
porters.

D. Frank Lloyd, Asst. Atty. Gen. (Charles Duane Baker, of coun-
sel), for the United States.

HAZEL, District Judge. The articles in controversy concededly
consist of untrimmed hats of imitation horsehair. They were assessed
for duty at 60 per cent. ad valorem under paragraph 390 and section
7 of the tariff act of 1897, by similitude, as silk wearing apparel. The
articles are not enumerated in the tariff act and the assessment at
60 per cent. was approved by the board. The question now raised
by the protest is whether such merchandise is not properly dutiable
under paragraph 314 at 50 per cent., or paragraph 409 at 50 per cent.
or 35 per cent., or section 6 at 20 per cent.

The government claims that the evidence shows that hats of imi-
tation horsehair more nearly resemble hats made of silk braid than
hats made of cotton braid, and therefore they were dutiable under
paragraph 390, by similitude, to silk wearing apparel, while the im-
porters contend that the evidence shows that the material of which the
hats are made is of vegetable origin, and accordingly should have been
assessed by similitude under paragraph 409.

In view of the decision by the Circuit Court of Appeals for this cir-
cuit in Paterson v. United States, 166 Fed. 733, 92 C. C. A. 524,
and followed by the decision of Judge Holt, in Rheims v. United
States (C. C.) 169 Fed. 662, it would seem to me that the importers
are right, and that the hats in question have been improperly assessed.
The evidence before the court, taken since the decision by the Board
of General Appraisers, indicates that in trade imitation horsehair hats
are classed as straw hats; and moreover, in appearance and quality,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it is readily perceivable that they are not of silk or silk braid, but that they bear similitude to hats of straw. It is uncontradicted that the material of which the hats are made is chiefly of vegetable fiber or origin, and under the circumstances I think the duty should have been assessed at 35 per cent. ad valorem under paragraph 409, the provision relating to the assessment of duties on hats, and not the more general provision under which the assessment was levied.

An order reversing the decision of the Board of General Appraisers may be entered.